# Shestack's Estate.

*Wills—Husband and wife—Remarriage of widow—Annulling prior will—Intestacy—Second husband's right to allowance of $5,-000—Acts of June 7, 1917, P. L. 403, 429, and July 11, 1917, P. L. 755.*

Where a widow makes her will, marries a second time, and dies leaving in existence the will made prior to her second marriage, her surviving husband is entitled under the Wills Act of

June 7, 1917, P. L. 403, and the Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, to the allowance of $5,000 provided by the intestate act. By her remarriage her will, as to her second husband, was annulled, and there was an actual intestacy as to him.

Argued February 24, 1920. Appeal, No. 211, Jan. T., 1920, by Thomas O'Bushko, Executor of Barbara Shestack, alias Stosh, from decree of O. C. Lackawanna Co., No. 212, year 1918, awarding to Thomas Stosh, surviving husband, allowance of $5,000, in estate of Barbara Shestack, alias Stosh. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition for allowance to husband of $5,000 under intestate law. Before SANDO, P. J.

The court made the allowance. Thomas O'Bushko, executor, appealed.

*Error assigned* was decree of court making allowance.

*John Memolo,* for appellant.

*Morgan S. Kaufman* and *John P. Kelly,* for appellee, were not heard.

PER CURIAM, April 12, 1920:

On April 26, 1912, Barbara Shestack, widow of Michael Shestack, executed a will disposing of her estate, real and personal, of the approximate value of $10,000. In 1916 she married Thomas Stosh, and, on February 6, 1918, died, leaving in existence her will of April 26, 1912. The appellee claimed to have set aside for him $5,000 of her estate, and the court below so ordered.

The 21st section of the Wills Act of June 7, 1917, P. L. 403, provides that: "Where any person, male or female, shall make a last will and testament, and afterwards shall marry,......and shall die, leaving a surviving

spouse,......so far as shall regard the surviving spouse, ......[he or she] shall be deemed and construed to die intestate; and such surviving spouse......shall be entitled......as if such person had actually died without any will." The Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, section 2 (a), is as follows: "Where such intestate shall leave a spouse surviving and other kindred, but no issue, the surviving spouse shall be entitled to the real or personal estate, or both, to the aggregate value of five thousand dollars;......and if such estate shall exceed in value the sum of five thousand dollars, the surviving spouse shall be entitled to the sum of five thousand dollars absolutely, to be chosen by him or her from real or personal estate, or both, and in addition thereto shall be entitled to one-half part of the remaining real and personal estate: Provided, That the provisions of this clause [as to said five thousand dollars in value] shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse." By the marriage of the testatrix to the appellee her will as to him was annulled. There was an actual intestacy as to him, in view of the provisions of the Wills Act, and this was the correct view of the court below.

Decree affirmed at appellant's costs.