## Rosenfeld Estate

Before Klein, P. J., Bolger, Lefever, Saylor, and Shoyer, JJ.

436

*Joseph E. Gold* and *Arthur Silverman*, for exceptant.
*Aaron W. White* and *Nathan I. Miller*, contra.

LEFEVER, J., April 10, 1953.—The narrow question before the court is whether the widow's intestate share in decedent's estate, which is exempt from Federal estate tax under the marital deduction provision of the Federal statute, shall bear any portion of the Federal estate tax assessed against decedent's estate.

The facts are aptly and fully stated in the adjudication of the learned president judge. Little need be added to that well reasoned adjudication.

The marital deduction provision in the United States Revenue Act of 1948, sec. 812 (e), Internal Revenue Code, 62 Stat. at L. 1214, was passed to equalize the Federal estate tax between residents of common-law States and residents of community property States. So great was the preëxisting inequality that many common-law States had adopted, or were contemplating adoption of, community property laws (e.g., The Pennsylvania Community Property Law of July 7, 1947, P. L. 1423, which was declared wholly invalid in Willcox v. Penn Mutual Life Insurance Co., 357 Pa. 581). The lower tax in the community property States resulted from the legal concept that husband and wife each owned absolutely a one-half interest in all the property of husband and wife. Consequently, at the death of a spouse there was a devolution of only one half of the property owned by the community, and no

Federal estate tax could be assessed upon the remaining half owned by the surviving spouse.

The marital deduction statute endeavors to accomplish taxwise in common-law States what is provided by the civil law in the community property States. Accordingly, where the surviving spouse has absolute control (actual or potential) over the share received by him or her, the requirement of the marital deduction statute is met and no Federal estate tax is assessed against that property.

In the instant case, testator's will was revoked pro tanto by his subsequent marriage: Wills Act of April 24, 1947, P. L. 89, sec. 7(3) ; see Shestack's Estate, 267 Pa. 115 (1920). (As a precautionary measure the widow also elected to take against the will.) Since testator was survived by two children, his widow's intestate share was one third of his estate outright. This one-third share of the widow qualified for the marital deduction. Just as in community property States, for Federal estate tax purposes, this one third was treated as though separate and apart from decedent's estate. Consequently, it was not subject to Federal estate tax.

Neither exceptant (one of testator's children) nor the executors were required to pay any tax on the widow's share. In fact, exceptant was benefited by the marital deduction because decedent's taxable estate was reduced by one third and, consequently, the tax on exceptant's share was at a lower rate. Testator's will could have no effect whatsoever on the widow's share because the will was revoked as to her. Accordingly, the Tax Apportionment Act of July 2, 1937, P. L. 2762, applies and expressly exempts the widow's share from bearing any portion of the Federal estate tax. It would be grossly inequitable to permit exceptant to share in the marital deduction exemption provided specifically and solely for the surviving spouse. To do so would defeat the intent of the Federal statute. It

follows that no portion of the Federal estate tax is chargeable to the widow.

The exceptions are dismissed.