476 A.2d 367

**ESTATE OF Marilyn Jane COX, Deceased.**

**Appeal of Winifred POTTS, Veronica Hawthorne, Edward Potts, Alice Mainwaring, Edith Vandergrift and Evelyn Myers.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1983.

Filed April 6, 1984.

Petition for Allowance of Appeal Denied Aug. 28, 1984.

480

482

Robert W. Costigan, Philadelphia, for appellants.

Lawrence Barth, Deputy Attorney General, Philadelphia, for participating party.

Before McEWEN, BECK and HOFFMAN, JJ.

McEWEN, Judge:

This appeal was taken from the final decree of the Court of Common Pleas of Bucks County in which the learned Judge Harriet M. Mims ordered the Administrator of the Cox Estate to distribute the assets of the estate to the Commonwealth of Pennsylvania, pursuant to Section 2103(6) of the Intestate Succession Act.[1] Appellants argue that Section 2103(5) of the intestacy statute, which creates two classifications of relatives in the fifth degree of consan-

1. The Intestate Succession Act, Act of June 30, 1972, P.L. 508, No. 164, § 2, eff. July 1, 1972, 20 Pa.C.S. § 2101 *et seq*, as amended, Section 2103 states:

 § 2103. Shares of others than surviving spouse

 The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall descend in the following order:

 (1) Issue. To the issue of the decedent.

 (2) Parents. If no issue survives the decedent, then to the parents or parent of the decedent.

 (3) Brothers, Sisters, or their Issue. If no parent survives the decedent, then to the issue of each of the decedent's parents.

 (4) Grandparents. If no issue of either of the decedent's parents but at least one grandparent survives the decedent, then half to the parental grandparents or grandparent or if both are dead, to the children of each of them and the children of the deceased children of each of them, and half to the maternal grandparents or grandparent, or if both are dead, to the children of each of them and the children of the deceased children of each of them, and half to the maternal grandparents or grandparent, or if both are dead to the children of each of them and the children of the deceased children of each of them. If both of the paternal grandparents or both of the maternal grandparents are dead leaving no child or grandchild to survive the decedent, the half which would have passed to them or to their children and grandchildren shall be added to the half passing to the grandparents or grandparent on the other side.

 (5) Uncles, aunts and their children, and grandchildren. If no grandparent survives the decedent, then to the uncles and aunts and the children and grandchildren of deceased uncles and aunts of the decedent as provided in section 2104(1) of this Code (relating to taking in different degrees).

 (6) Commonwealth. In default of all persons hereinbefore described, then to the Commonwealth of Pennsylvania.

 20 Pa.C.S. § 2103 This statute was amended by the Act of April 18, 1978, P.L. 42, No. 23 § 1, 20 Pa.C.S. § 2103 (1983–1984 Supp.), effective June 17, 1978. The amended statute is applicable only to those descendents dying after June 17, 1978. The decedent herein died on March 4, 1978 and the distribution of her estate is therefore controlled by the earlier version of the Intestate Succession Act.

guinity with a decedent and permits members of only one of these classifications to inherit, violates the Equal Protection clause of the United States Constitution. We have completed a careful review of the very interesting arguments advanced by appellants but conclude, nonetheless, that the Commonwealth's intestacy statute does not violate the Equal Protection clause. We affirm.

Marilyn Jane Cox, the decedent herein, died intestate on March 4, 1978, without a spouse, issue, siblings or parents to survive her and left an estate valued at slightly more than $160,000.00. A search for relatives competent to inherit this estate, pursuant to the laws of intestacy of this Commonwealth, was undertaken but no eligible heirs were located. The Intestacy Act provides that, in default of those categories of relatives permitted by statute to take by intestacy, the estate passes to the Commonwealth.

■ Appellants Alice Mainwaring, Evelyn Myers and Edith Vandergrift, are the first cousins of the father of the decedent and appellants Winifred Potts McAllister, Veronica Hawthorne and Edward Potts, are the first cousins of the mother of the decedent, all six of whom are precluded by the terms of the intestacy statute from inheriting the estate of Marilyn Jane Cox, their first cousin once removed. Appellants assert that the intestacy statute is constitutionally infirm in that it deprives them of equal protection of the laws. Specifically, appellants note that the Act permits one class of first cousins once removed, those related to the decedent in the fifth degree of consanguinity [2] (grandchildren of the aunts and uncles of the decedent), to take by intestacy but precludes intestate inheritance by another class of first cousins once removed who are also in the fifth degree of consanguinity to the decedent, (the children of great aunts and great uncles of the decedent).

2. To determine in what degree of consanguinity an individual is related to the decedent, one counts up from the decedent to the common ancestor and then down to the person whose relationship is to be determined. Each generation counts as one degree, both ascending and descending. *McDowell v. Addams,* 45 Pa. 430, 932 (1863).

■■■ It is well settled that there is a strong presumption of constitutionality appended to statutes lawfully enacted by the legislature. *Shapp v. Sloan,* 480 Pa. 449, 464, 391 A.2d 595, 602 (1978) (plurality opinion), appeal dismissed 440 U.S. 942, 99 S.Ct. 1415, 59 L.Ed.2d 630 (1929); *Commonwealth v. Sutley,* 474 Pa. 256, 378 A.2d 780 (1977); *The School Districts of Deer Lakes & Allegheny Valley v. Kane,* 463 Pa. 554, 345 A.2d 658 (1975); *Commonwealth ex rel. Schnader v. Liveright,* 308 Pa. 35, 161 A. 697 (1932); *Sharpless v. Mayor of Philadelphia,* 21 Pa. 147 (1853); *In Interest of Jones,* 286 Pa.Super. 574, 429 A.2d 671 (1981). Thus, appellant bears the burden of demonstrating that the statute "clearly, palpably and plainly" violates the Constitution. *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 154, 425 A.2d 419, 421 (1981) *citing Tosto v. Pennsylvania Nursing Home Loan Agency,* 460 Pa. 1, 16, 331 A.2d 198, 203 (1975) and *Singer v. Sheppard,* 464 Pa. 387, 393, 346 A.2d 897, 900 (1975). *Accord Snider v. Thornburgh,* 496 Pa. 159, 166, 436 A.2d 593, 596 (1981); *Tsarnas v. Jones & Laughlin Steel Corporation,* 488 Pa. 513, 522, 412 A.2d 1094, 1099 (1980); *Parker v. Children's Hospital of Philadelphia,* 483 Pa. 106, 394 A.2d 932, 937 (1978); *Shapp v. Sloan, supra* 480 Pa. at 464, 391 A.2d at 602; *Milk Control Commission v. Battista,* 413 Pa. 652, 696, 198 A.2d 840, 843 (1964) appeal dismissed 379 U.S. 3, 85 S.Ct. 75, 13 L.Ed.2d 22 (1964); *Commonwealth v. Walker,* 298 Pa.Super. 387, 391, 444 A.2d 1228, 1230 (1982); *Freezer Storage, Inc. v. Armstrong Cork Company,* 234 Pa.Super. 441, 447, 341 A.2d 184, 186 (1975), *aff'd* 476 Pa. 270, 382 A.2d 715 (1978); *In Re Street,* 67 Pa.Cmwlth. 441, 444, 447 A.2d 1052, 1054 *aff'd* 499 Pa. 26, 451 A.2d 427 (1982); *Robson v. Penn Hills School District,* 63 Pa.Cmwlth. 250, 255, 437 A.2d 1273, 1276 (1981); *Picariello v. Commonwealth, Department of Revenue,* 54 Pa.Cmwlth. 252, 255, 421 A.2d 477, 479 (1980); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.,* 23 Pa.Cmwlth. 517, 520, 353 A.2d 79, 80–81 (1976). Doubts are to be resolved in favor of sustaining the legislation. *Hayes v. Erie Insurance Exchange, supra* 493 Pa. at 154, 425 A.2d at 421; *Parker v.*

*Children's Hospital of Philadelphia, supra* 483 Pa. at 115, 394 A.2d at 937. Nonetheless, appellants suggest that a statute which distinguishes, for purposes of inheritance by intestacy, between two sets of relatives of equal degrees of consanguinity violates the Equal Protection clause of the United States Constitution.

When confronted with an equal protection challenge, the court must initially determine the proper level of judicial review to be applied. Where the challenged statute impinges upon a fundamental right or liberty or concerns a "suspect class", the court is to undertake a "strict scrutiny" of the law. *See San Antonio Independent School Dist. v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). An intermediate standard of review, often referred to as "heightened scrutiny" is employed when the questioned statute affects a "quasi suspect" classification. *See Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Finally, where the statutory classification concerns neither a suspect nor quasi suspect category nor fundamental rights or liberties, a minimal standard of review is to be employed: the court is merely to determine whether the statute is rationally related to a legitimate state purpose. *See Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Estate of Kunkel v. United States,* 689 F.2d 408 (3rd Cir.1982) (plurality opinion). The challenged classification created by the statute presented for our review is based upon neither race nor alienage and does not involve a fundamental right or liberty; "strict scrutiny", therefore, is not the appropriate standard of review to be employed. The classification, moreover, is not based upon legitimacy or gender, which would trigger a heightened standard of review. *Cf. James v. Southeastern Pennsylvania Transportation Authority,* 312 Pa.Super. 512, 459 A.2d 338 (1983) (plurality opinion) [3]. It is apparent, therefore, that we must

**3.** Allocatur granted, at No. 88 E.D. allocatur docket 1983.

review the constitutionality of the intestacy statute under the rational relationship test, inquiring only into the existence of a proper purpose and means rationally designed to further that goal. This deferential standard mandates only that the statutory classification be "reasonable" and "rest upon a difference having a fair and substantial relation to the object of the legislation." *Snider v. Thornburgh, supra* 496 Pa. at 166, 436 A.2d at 596, *quoting F.S. Royster Guano Company v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989, 990–91 (1920). Accord: *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 68, 436 A.2d 147, 155 (1981) appeal dismissed *sub nom Bucheit v. Laudenberger*, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982); *Hayes v. Erie Insurance Exchange, supra* 493 Pa. at 156, 425 A.2d at 422; *Kroger Company v. O'Hara Township*, 481 Pa. 101, 119, 392 A.2d 266, 265 (1978); *Moyer v. Phillips*, 462 Pa. 395, 400–01, 341 A.2d 441, 443 (1975). It is recognized that "the Equal Protection Clause of the Constitution does not deny a state the power to treat different classes of persons in different ways", providing that the classification meets the aforementioned standards. *Gravinese v. Johns-Manville Corporation*, 324 Pa.Super. 432, 441, 471 A.2d 1233, 1238 (1984).

We first consider whether the Commonwealth had a legitimate purpose in enacting this statute. Appellants do not deny that inheritance of a decedent's estate by family members occurs only because of the benevolence of the sovereign.[4] However, prior to the promulgation of the Intestate Act of 1947, there was no limit on the remoteness of a relative who could inherit by intestacy; the Common-

4. It has long been recognized in this Commonwealth that "[t]he right to transmit or to receive property by will or through intestacy is not a natural right but a creature of statutory grant ...." *In Re Tacks Estate*, 325 Pa. 545, 548, 191 A. 155, 156, (1937) and that "[i]t is only by the grace of the Commonwealth that heirs or legatees are permitted to receive any benefit from a decedent's toil and energy." *In Re Links Estate*, 319 Pa. 513, 516, 180 A. 1, 2 (1935). The Supreme Court of Pennsylvania has therefore concluded that "[the Commonwealth] reserves to itself the right, as it always has, to take the property of a decedent when under its laws there is no one in a position to inherit." *Id.*, 319 Pa. at 516–17, 180 A. at 2–3.

wealth was entitled to the decedent's estate only in the absence of known heirs. *See* Act of June 7, 1917, P.L. 429, § 24. The 1947 Act, however, provided, *inter alia*, that no ancestor more remote than a grandparent could inherit. Appellants recognize and accept the proposition that the state has a legitimate interest in assuring that the estate of a citizen, who dies without designating the beneficiaries of his property, is distributed in an orderly, accurate and efficient manner. *Trimble v. Gordon,* 430 U.S. 762, 770, 97 S.Ct. 1459, 1465, 52 L.Ed.2d 31 (1977); *Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); *Labine v. Vincent,* 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971). It may also be presumed that the legislature attempted to anticipate the unstated intent of those citizens who lacked the foresight to provide for distribution of their estate.

Appellants argue, however, that the statute, which does not provide for intestate distribution on the basis of degree of kinship but instead relies on the relationship of the decedent and a claimant to a common ancestor, is not rationally related to these legitimate purposes. We disagree. A statute which limits relatives able to take by intestacy to those who share a common ancestor no more remote than the grandparent of the decedent promotes an orderly and efficient distribution of the estate, as it is obvious that the further back one must trace a relationship, the more difficult it becomes to prove (or disprove) the familial relationship.[5] Further, the statute provides for

5. Appellants note, in their brief, that they are unaware of any data which would support such a conclusion. Brief of appellants at 25. "In equal protection cases of this type, however, those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be considered to be true by the government decision makers." *Vance v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979) (citations omitted). *See also Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 724, 66 L.Ed.2d 659 (1981). The Pennsylvania Supreme Court has noted that "legislative classifications will not fail under an equal protection analysis 'if any state of facts rationally justifying it is demonstrated to or *perceived* by the courts.'" *Springfield School District v. Department of Education,* 483 Pa. 539,

distribution to those relatives who would be the natural objects of the bounty of the decedent and we do not find that the legislature acted irrationally when it concluded that a decedent who failed to provide explicitly for family members joined through a more remote ancestor, would prefer to return his estate to the sovereign rather than have the fruits of his toil inure to such relations.

Where a legitimate purpose has been identified and a rational relationship between that purpose and the means chosen to foster it has been established, our inquiry into whether the statute violates the equal protection clause is at an end. *Estate of Kunkel v. United States, supra* at 416; *Freezer Storage, Inc. v. Armstrong Cork Company,* supra, 234 Pa.Super. at 447–448, 341 A.2d at 187. It is beyond our scope of review to ascertain whether an alternative means would have more appropriately served the sovereign's purpose. *Estate of Kunkel v. United States, supra* at 416; *McCoy v. Commonwealth, Board of Medical Education & Licensure,* 37 Pa.Cmwlth. 530, 542, 391 A.2d 723, 729 (1978). "We will not overturn ... a statute unless the varying treatment of different groups or persons is *so* unrelated to the achievement of *any* combination of legitimate purposes that we can only conclude that the legislature's actions were *irrational." Vance v. Bradley, supra,* 440 U.S. at 97, 99 S.Ct. at 942, 59 L.Ed.2d 171 (emphasis added). Appellants have not met their burden of showing that the complained of statutory classification lacks a rational relationship to legitimate state interests.

Appellants direct our attention to the fact that, under the provisions of the very same statute which prevents them from participating in the distribution of the estate of Marilyn Jane Cox, the decedent could have inherited from the appellants, had any of them died intestate before her. The mere fact, however, that the statute does

568, 397 A.2d 1154, 1169, appeal dismissed, 443 U.S. 901, 99 S.Ct. 3091, 61 L.Ed.2d 869 (1979) *quoting United States v. Maryland Savings-Share Insurance Corp.,* 400 U.S. 4, 6, 91 S.Ct. 16, 17–18, 27 L.Ed.2d 4 (1970) (per curiam) (emphasis in original).

not provide for reciprocity in intestate succession does not, under the deferential standard with which we must review this legislative enactment, engender the conclusion that the statute is constitutionally infirm. This statute meets the test of validity under our rational relationship analysis.

 Finally, appellants suggest that the adoption of Section 3540(b) of the Probate, Estates and Fiduciary Code[6] eradicates the existence of any rational relationship between the recognized need for orderly distribution of an intestate estate and the selected means of a "cutoff" of intestate inheritance by relatives claiming through a common ancestor more remote than a grandparent of the decedent. It is true that this statute requires only that the court be satisfied that "all reasonable steps have been taken to determine [the possible existence of an additional distributee who would effect the distribution of the estate]", 20 Pa.C.S. § 3540, but the statute does not purport to resolve the escalating difficulties of establishing or disproving the claims of those who seek inheritance through a more remote ancestor. It is not in our province to interfere with the determination of the legislature that *no* inquiry into the existence of claims through ancestors more remote

6. Act of June 30, 1972, P.L. 508 No. 164 § 2 effective July 1, 1972, 20 P.S. § 101 *et seq.* Section 3540 provides in pertinent part:
 (b) Possibility of additional distributees. If the existence of a person or persons would affect the distribution of an estate but there is no proof that such a person ever existed, and the court is satisfied that all reasonable steps have been taken to determine whether such a person existed, the court may award distribution of the estate to those who would be entitled if no such person existed, with or without refunding bonds. Any such bond shall be without security, shall be in such form and amount as the court directs, shall be executed by each distributee and filed with the clerk, and shall provide that if, within seven years or any shorter period fixed by the court, it is later established that there is an additional person or persons entitled to share in the distribution of the estate, the distributee upon demand will return such portion or all of the property received by him as the court may direct or, if it has been disposed of, will make such restitution as the court deems equitable. Section 13 of the Act of July 11, 1980, P.L. 565, No. 118 provides that the provisions of this section "shall take effect immediately and apply to estates and trusts now existing or hereafter arising." *See* Official Comment to 20 Pa.C.S. § 3540 (Supp.1983–1984).

than the grandparents of the decedent should be undertaken, for such a determination rationally advances the efficient distribution of the estate.

We have determined that Section 2103 of the Intestate Succession Act does not violate the Equal Protection Clause and, therefore, we affirm the order of Judge Mims.

Order affirmed. Jurisdiction relinquished.