514 A.2d 945

COMMONWEALTH of Pennsylvania

v.

John David CREMINS, Appellant.

Superior Court of Pennsylvania.

Submitted July 7, 1986.

Filed Sept. 12, 1986.

450

Stephen I. Baer, Phoenixville, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before WIEAND, TAMILIA and ROBERTS, JJ.

WIEAND, Judge:

John David Cremins, on February 11, 1972, entered pleas of guilty to charges of indecent assault and assault and battery. The convictions were based upon an incident in which Cremins, then a member of the United States Army, had brushed his hand across the buttocks of two women at a shopping mall. He was sentenced to pay fines and costs, and these were paid. The convictions have never been reversed or vacated and are, for our purposes, valid convictions.

On November 11, 1985, Cremins filed a petition to expunge his earlier convictions. He alleged that he was a supervisor for emotionally disturbed boys, employed by a school in Massachusetts. He feared that a legislatively mandated background check would have an adverse impact on his continued employment. After a full hearing before the Honorable Horace A. Davenport, an order was entered denying expungement. Cremins appealed. We affirm.

Our decision is mandated by prior decisions of this Court in *Commonwealth v. C.S.*, 351 Pa.Super. 467, 506 A.2d 443 (1986) and *Commonwealth v. Magdon*, 310 Pa.Super. 84, 456 A.2d 194 (1983). Contrary to appellant's present argument, the effect of these decisions was not limited to the non-expungement of valid felony convictions. Moreover, these decisions do not require a balancing of equities between expungement and continued maintenance of records of valid convictions. This Court has held that one who has been validly convicted of crime, whose conviction has not been reversed or vacated, is not entitled to have the record of such conviction expunged regardless of his subsequent progress and rehabilitation. See also: *Commonwealth v. Homison*, 253 Pa.Super. 486, 385 A.2d 443 (1978).

■ Appellant's convictions of indecent assault and assault and battery have never been reversed and are valid convictions which have become a permanent part of his record. The trial court correctly held that he was not entitled to have the convictions expunged.

Appellant's argument that 18 Pa.C.S. § 9122(b)(1) violates principles of equal protection [1] is unavailing. The statutory provision permits expungement of a criminal conviction where the offender has attained the age of seventy years and has been free from arrest or prosecution for at least ten years. Although appellant has remained free from arrest and/or prosecution for more than ten years, he is only thirty-six years of age. Therefore, he does not meet the statutory requirements for expungement.

[S]tate regulations bearing upon rights and classifications not ... denominated [as fundamental or suspect] are subject to a relatively relaxed standard of judicial scrutiny, and will pass muster if the purpose of the classification bears some rational relation to a legitimate state purpose. *San Antonio School District v. Rodrigues*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973)....
The rational basis standard presumes ... legislative action to be valid. It reflects the court's awareness that the

---

1. See: U.S. Const. amend. XIV; PA Const. art. I, § 26.

drawing of lines which creates distinct classifications is peculiarly a legislative task and an unavoidable one. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562 [2567], 49 L.Ed.2d 520 (1976). *Benner v. Oswald,* 592 F.2d 174, 181 (3d Cir.), *cert. denied,* 444 U.S. 832, 100 S.Ct. 62, 62 L.Ed.2d 41 (1979) (footnote omitted). See: *Price v. Cohen,* 715 F.2d 87, 94 (3d Cir. 1983), *cert. denied,* 465 U.S. 1032, 104 S.Ct. 1300, 79 L.Ed.2d 700 (1984); *Pennsylvania Liquor Control Board v. Spa Athletic Club,* 506 Pa. 364, 369, 485 A.2d 732, 734 (1984); *Estate of Cox,* 327 Pa.Super. 479, 486–488, 476 A.2d 367, 370–373 (1984). The United States Supreme Court has recognized that a legislature "must have substantial latitude to establish classifications that roughly approximate the nature of the problem perceived, that accommodate competing concerns both public and private, and that account for limitations on the practical ability of the state to remedy every ill." *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786, 798–799 (1982). Thus, " '[w]e will not overturn ... a statute unless the varying treatment of different groups or persons is *so* unrelated to the achievement of *any* combination of legitimate purposes that we can only conclude that the legislature's actions were *irrational.*' " *Estate of Cox, supra,* 327 Pa.Super. at 489, 476 A.2d at 373, quoting *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171, 176 (1979) (emphasis added).

■ The Commonwealth has a legitimate and perhaps compelling interest in maintaining records of persons who have committed crimes within its boundaries. Cf. *Commonwealth v. Malone,* 244 Pa.Super. 62, 69, 366 A.2d 584, 588 (1976). Preservation of conviction records enables courts to identify repeat and habitual offenders so that appropriate sentences can be imposed. We conclude also that the state's varying treatment of convicted persons who have reached the age of seventy years and those who have not is rationally related to its interest in maintaining criminal records.

If we begin with the premise that a state has a legitimate interest in maintaining records of criminal convictions, this interest in maintaining records of criminal convictions would be defeated in whole or in part if expungement were readily attainable. Section 9122(b)(1) permits expungement only for those offenders who have attained the age of seventy years and have demonstrated that they have been law abiding citizens for the preceding ten years. The legislature has determined that the members of this small group, as opposed to those who are members of a younger age group, are unlikely to commit additional offenses. With respect to such persons, therefore, expungement of prior convictions will not impair the state's interest in maintaining records of convictions. This distinction is rational and reasonable. People who are seventy years of age or older and have not been arrested or prosecuted for a period of ten years are, as a group, much less likely to commit additional offenses than persons of less maturity and experience. While it may be that some persons under the age of seventy years are also unlikely to commit future crimes, this unlikelihood, the legislature could rationally conclude, is less certain than in the case of persons over the age of seventy. Therefore, it cannot be said that the legislative enactment was irrational. " 'A classification having some reasonable basis does not offend against [the equal protection] clause merely because it is not made with mathematical nicety or because in practice it results in some inequality.' " *Price v. Cohen, supra* at 94, quoting *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911).

Moreover and in any event, even if we were to determine that the Pennsylvania statute was invalid on equal protection grounds, this would not permit us to rewrite the statute to include appellant. A holding that the statute was invalid, therefore, would not benefit appellant. He would still not be entitled to have the record of his criminal conviction expunged.

Order affirmed.