## Mowery v. Prudential Property and Casualty Insurance Company

*Hubert X. Gilroy,* for plaintiff.
*Jeffrey B. Rettig,* for defendant.

BAYLEY, *J.,* January 13, 1987—This case raises an issue of first impression in Pennsylvania: Is section 1714 of the 1984 Motor Vehicle Financial Responsibility Law constitutional?[1] Section 1714 of the act provides:

"*An owner of a currently registered motor vehicle who does not have financial responsibility* or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor driven cycle, motorized pedicycle or like type vehicle required to be registered under this title *cannot recover first-party benefits.*" (emphasis added).

Plaintiff, Teresa J. Mowery, is an adult residing at 228 McAllister Church Road, Carlisle, Cumberland County, Pa. She and defendant, Prudential Property

---

1. 75 Pa.C.S. §1701 et seq.

and Casualty Ins. Co., have stipulated to the following facts on plaintiff's motion for a summary judgment.

On March 23, 1986, plaintiff was a passenger in a vehicle driven by John Calaman of 426 North College Street, Carlisle, Cumberland County, Pa. The vehicle driven by Calaman was struck by a vehicle driven by Richard L. Scott of Adams County, Pa. The accident occurred on Pa. Route 34 in Dickinson Township, Cumberland County, Pa. Neither plaintiff nor Calaman knew or had any connection with Scott or the vehicle that Scott was driving. Scott died as a result of the injuries he suffered in the accident.

Plaintiff Mowery suffered bodily injuries and incurred medical bills and lost wages as a result of the accident. At the time of the accident Mowery was the owner of a 1976 Malibu Classic *which was reg-istered* with the Pennsylvania Department of Transportation and *which was uninsured* in that it did not have "financial responsibility" as that term is defined under section 1702 of the Financial Responsibility Law at 75 Pa.C.S. §1702.

Prudential Property and Casualty Ins. Co. provided insurance benefits in accordance with section 1701 of the Financial Responsibility Act to the vehicle owned by John Calaman, which was the vehicle in which plaintiff Mowery was a passenger at the time of the accident. Pursuant to section 1713(a)(3) of the act, plaintiff Mowery asserted a claim against defendant Prudential for first-party benefits (medical bills and work loss).[2] Prudential assigned Mowery a claim number and in July 1986, it advised her in writing that it was denying her claim for pay-

2. See 75 Pa.C.S. §1712.

654

ment of first-party benefits pursuant to section 1714 of the act. The basis for defendant's denial is that at the time of the accident plaintiff was the owner of a registered vehicle which did not have financial responsibility as defined by the act.

The 1976 Malibu Classic owned by plaintiff was the only motor vehicle owned by her and was not in any way involved in the accident which resulted in plaintiff's claim against defendant for first-party benefits. Plaintiff commenced this declaratory judgment action seeking a declaration from the court that section 1714 of the Financial Responsibility Law is unconstitutional as applied to her, and a further declaration that she may recover first-party benefits from defendant pursuant to section 1713(a)(3) of the act.[3]

## DISCUSSION

Counsel have ably briefed and articulately argued the issue which is now ready for decision. Lawfully enacted statutes enjoy a strong presumption of constitutionality and plaintiff "[b]ears a burden of demonstrating that the statute 'clearly, palpably and plainly' violates the Constitution." *Estate of Cox,* 327 Pa. Super. 479, 476 A.2d 367 (1984). Plaintiff maintains that her exclusion from the receipt of first-party benefits denies her equal protection of the law under the United States Constitution and the Pennsylvania Constitution. Specifically, she asserts that she is denied equal protection of the law because section 1714 of the Financial Responsibil-

3. The record reflects that the attorney general of Pennsylvania was provided notice of plaintiff's constitutional challenge to section 1714 of the Motor Vehicle Financial Responsibility Law as required by Pa.R.C.P. 235. The attorney general has not intervened.

ity Law renders her ineligible to collect first-party benefits merely because she was the owner of a registered vehicle that did not have financial responsibility, despite the fact that the vehicle she owned was not in any way involved in the automobile accident which resulted in her claim for first-party benefits.[4]

There are three levels of analysis for judicial review of equal protection challenges to state action: (1) "strict scrutiny," applies to laws which impact on fundamental rights or involve a suspect classification; (2) an intermediate level of scrutiny applies to laws which concern an "important" though not fundamental right, or a "sensitive" classification; and (3) a "rational basis" scrutiny that applies to laws that do not fall into either of the first two categories. See *James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 477 A.2d 1302 (1984); *Smith v. City of Philadelphia,* 512 Pa. 129, 516 A.2d 306 (1986).

---

4. Her claim against Prudential is based on an order of priority under section 1713(a)(3). That section provides;

"General Rule—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first-party benefits against applicable insurance coverage in the following order of priority:

"(1) For a named insured, the policy on which he is the named insured,

"(2) For an insured, the policy covering the insured,

·"(3) *For the occupants of an insured motor vehicle, the policy on that motor vehicle,*

"(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury." (emphasis added).

The parties agree that "strict scrutiny" involving a suspect classification does not apply to this case. Plaintiff maintains that she has been excluded from enjoying an "important" right by section 1714 thereby triggering an intermediate level of scrutiny. While defendant suggests that section 1714 meets an intermediate level of scrutiny, it nevertheless maintains that in the context as an economic benefits statute which does not involve a fundamental right, section 1714 passes muster because it satisfies the minimal, rational basis level of scrutiny. In both *James v. Southeastern Pennsylvania Transportation Authority,* supra, and *Smith v. City of Philadelphia,* supra, the court concluded that an "important interest" involves a citizen's right of access to the court. While plaintiff suggests that her access to the court has been impeded by section 1714, defendant maintains that the act allows her to pursue any tort remedies against any persons responsible for any damages she may have sustained in the subject automobile accident.

The right of an individual to sue in tort for injuries arising out of the maintenance and use of a motor vehicle was, with certain exceptions, abolished by the Pennsylvania No-fault Motor Vehicle Insurance Act.[5] The exceptions provided that a person could bring an action in tort for non-economic losses if certain financial thresholds and/or severity of bodily injury were met.[6] The 1984 Financial Responsibility Law repealed the general tort abolition provisions of the no-fault act and allows a party to bring an action against a tortfeasor without regard to any financial threshold or other requirements.[7]

---

5. See 40 P.S. § 1009.301, now repealed.

6. See 40 P.S. § 1009.301(a)(5), now repealed.

7. See 75 Pa.C.S. § 1701 et seq.

The Supreme Court concluded that there was no denial of access to the courts in upholding the constitutionality of the limiting provisions of the No-fault Act. *Singer v. Sheppard,* 464 Pa. 387, 398, 346 A.2d 897 (1975). Therefore, we have no difficulty in concluding that the greater access to the courts allowed by the Financial Responsibility Law has certainly not limited plaintiff's access to the courts, and accordingly, her interest is not an "important one" in the context of an equal protection analysis. Her desire to obtain benefits from an insurance system in which she has chosen not to participate cannot be equated with the right of access to the courts.

In *Norris v. Wood,* 336 Pa. Super. 305 485 A.2d 817 (1984), the Superior Court considered an uninsured motorists' equal protection challenge to a provision of the now repealed Pennsylvania No-fault Motor Vehicle Insurance Act which provided that the Pennsylvania Assigned Claims Plan had a right to recover from an uninsured owner any money it paid to persons injured in an accident involving the uninsured owner's automobile. The act provided that if the Assigned Claims Plan was not reimbursed by the uninsured motorist, then the uninsured motor vehicle registration and operator's license could be suspended. The court held that those statutory provisions satisfied an equal protection challenge under the rational basis test, and noted:

"[The uninsured owner] argues that the statute denied her access to the courts, as provided in Article I, section 11, of the commonwealth's Constitution. This argument has no merit. [The uninsured owner] is free to sue the uninsured motorist . . . and has done so."

The Commonwealth Court has applied the rational basis test in the context of economic benefits stat-

utes to classifications that operate to terminate unemployment benefits,[8] classifications terminating a widow's pension benefits,[9] and classifications excluding certain relatives from taking by intestacy.[10] We find that the facts in the case sub judice more closely resemble the facts in these cases as contrasted to those cases cited by plaintiff in which "important rights" were found to have merited application of the heightened or intermediate test.[11] We are further persuaded that this approach is correct since both the Supreme Court and the Commonwealth Court upheld equal protection challenges to the no-fault act based upon an analysis under the rational basis test. *Singer v. Sheppard,* supra, and *Singer v. Sheppard,* 33 Pa. Commw. 276, 381 A.2d 1007 (1978), (on remand).

Where the rational basis analysis is used a minimal standard of review is to be employed. *Estate of*

8. *Wallace v. Commonwealth, Unemployment Compensation Bd. of Review,* 38 Pa. Commw. 342, 393 A.2d 43 (1978).

9. *City of Philadelphia, Board of Pensions and Retirement v. Bordley,* 84 Pa. Commw. 645, 481 A.2d 690 (1984).

10. *Estate of Cox,* 327 Pa. Super. 479, 476 A.2d 367 (1984).

11. See *Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed. 2d 495, (1976) (classifications excluding aliens from certain civil service positions); *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 2d 90, (1971), (classifications that affect qualifications for a driver's license upon failure of an uninsured motorist to post security following an accident); *Vlandis v. Kline,* 412 U.S. 441, 93 S. Ct. 2230, 37 L.Ed. 2d 63, (1973), (classification of persons who are presumed to be non-residents for purposes of determining tuition charged by a state university), and *U.S. Department of Agriculture v. Murry,* 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed. 2d 767, (1973), (classifications creating an irrebuttable presumption that certain persons were not needy and, therefore not eligible for food stamps).

*Cox,* supra. Under this level of scrutiny the statute is to be upheld if there is any rational basis for the classification. *Smith v. City of Philadelphia,* supra. The legislation must be reasonable, not arbitrary, and rests on standards having a fair and substantial relation to its object. See *James v. Southeastern Pennsylvania Transportation Authority,* supra. The statute cannot be ruled unconstitutional " '. . . unless the varying treatment of different groups or persons is *so* unrelated to the achievement of *any* combination of legitimate purposes that [the court] can only conclude that the Legislature's actions were *irrational.*' " *Estate of Cox,* supra, quoting *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). We have no trouble in concluding that section 1714 is constitutional under this test.

If plaintiff had insured her own registered vehicle she would have been entitled on the facts of this case to have recovered first-party benefits from her own insurance company pursuant to section 1713(a)(1). If she did not own a registered vehicle she could have recovered first-party benefits from defendant which insured the vehicle in which she was a passenger when injured. The principle problem that the Legislature sought to remedy in enacting the Motor Vehicle Financial Responsibility Law was the rising consumer cost of automobile insurance, which was the result, in part, of the great number of uninsured motorists who substantially contributed to the cost of paying claims while failing to contribute to the pool of insurance funds from which those claims were paid. See J. Ronca, L. Sloane & J. Mundy, Pennsylvania Motor Vehicle Insurance, §§ 1.2(b) & 3.2(a); and Legislative Journal-Senate (October 4, 1983) at 1142-1154; and Legislative Journal-House (December 13, 1983) at

2138-2191. The provisions for enforcement of mandatory insurance in the Pennsylvania No-fault Motor Vehicle Insurance Act (repealed) had been ineffective in solving this problem. As noted by the commentators in section 3:2(a):

"The financial responsibility law is designed to deny benefits to those who do not pay into the automobile insurance system. Those who own vehicles, but fail to insure them, reduce the pool of money available to pay claims and create additional cost factors in the insurance system."

The act promotes the purchase of insurance by all owners who register vehicles which can be legally operated on highways by defining a certain class of people who are not permitted to recover certain insurance benefits. That class consists of owners of uninsured registered vehicles. Plaintiff could have avoided ineligibility to recover first-party benefits under section 1714 by either purchasing adequate insurance, or by not registering her vehicle, or by cancelling the registration on her vehicle. We cannot say that the result was irrational when the Legislature created an insurance law designated to promote the carrying of insurance by owners of registered vehicles who could legally operate them on the highways. As the Supreme Court stated in *Singer v. Sheppard*, supra, "... . [t]he state has a legitimate object in seeing that all motorists are covered by adequate insurance."

Plaintiff suggests that section 1714 does not set forth a rational basis for her exclusion from first-party benefits because she still would have been entitled to recovery under section 1713(a)(3) if her vehicle was uninsured as long as it was unregistered. While she could have recovered under that fact situation, we conclude that the Legislature could prop-

erly determine that the potential risk to the financial stability of the insurance system of an operator actually driving an uninsured registered vehicle, was far greater than the potential risk of an operator driving an uninsured unregistered vehicle. Importantly, having the registration of the vehicle trigger whether insurance is mandatory provides a simple and quick system whereby registration checks can be made at the Department of Transportation in order to determine whether or not the law has been complied with. That alone is a rational basis for the classification and reflects a fair and substantial relation to the object of the statute which is to require owners of registered vehicles, and thus those that are potentially used on the highway, to participate in the insurance system before they can recover first-party benefits. The fact that conceivably an owner of an unregistered vehicle will use it on a highway and become involved in an accident does not create an arbitrary system of discrimination. It is fair and reasonable for the commonwealth not to require owners of unregistered vehicles to insure them because the possible use of those vehicles does not pose a significant risk that will adversely affect the financial stability of the insurance system.[12] Thus the argument of plaintiff, that the class of persons entitled to recovery of first-party benefits is unnecessarily overboard so as to punish innocent individuals who may be deliberately not using their uninsured registered vehicles, belies the point. A system of mandatory financial responsibility in ref-

---

12. The deterrent of criminal sanctions applies to those who operate unregistered vehicles. See 75 Pa.C.S. §1301. Criminal sanctions set forth in the repealed No-fault Act for the failure to carry mandatory insurance, 40 P.S. §1009.601, have not been re-enacted in the Financial Responsibility Law.

erence to rights of recovery under section 1714, related only to the use of a vehicle, would be virtually impossible to enforce. The system tied to registration is virtually foolproof for determining compliance. Accordingly, the challenged statutory classification is rational, not arbitrary, and therefore is constitutional. As the Commonwealth Court noted in *Singer v. Sheppard*, supra: ". . . [W]e believe that the classification at issue becomes a rational relationship to the stated purpose of providing reasonably priced motor vehicle insurance. . . ."

A Pennsylvania court may, in a proceeding where declaratory relief is sought, render a declaratory judgment where the judgment or decree will terminate the controversy or remove an uncertainty. 42 Pa.C.S. §7536. Under the Declaratory Judgment Act, any person whose rights, status, or other legal relations are affected by a statute, may have determined any question of controversy arising under the statue and obtain a declaration of his rights, status, or other legal relation to it. 42 Pa.C.S. §7533.

The posture of this case is that plaintiff, but not defendant, has filed a motion for summary judgment. We will deny plaintiff's motion for summary judgment and also enter a summary judgment in favor of defendant. Under Pennsylvania Rule of Civil Procedure 1035: ". . . [i]n a proper case summary judgment may be entered in favor of a non-moving party." *Allegheny County Port Authority v. Flaherty*, 6 Pa. Commw. 135, 146; 293 A.2d 152 (1972). See also, 2 Goodrich-Amram 2d §1035(b):(6).

Here there is no genuine issue of material fact and defendant is clearly entitled to a judgment on the legal issue presented. *Nationwide Mut. Ins. Co.*

*v. Ditomo*, 330 Pa. Super. 117, 478 A.2d 1381 (1984).

Accordingly, we enter the following

## ORDER

And now, this January 13, 1987, it is ordered and adjudged that:

(1) Section 1714 of the Motor Vehicle Financial Responsibility Law, is constitutional.

(2) Plaintiff's motion for summary judgment is denied.

(3) Summary judgment is entered in favor of defendant Prudential Property & Casualty Ins. Co. Plaintiff's complaint is dismissed.