## Commonwealth v. Kasem

*James P. Geoghegan,* for defendant.

LOWE, *J.,* December 20, 1988 — Petitioner Ronald Edward Kasem, a/k/a Ronald Edwin Kasem, appeals this court's denial of his petition to expunge his criminal record.

On May 15, 1970 the Upper Moreland Township Police arrested petitioner and charged him with violating the Drug, Device and Cosmetic Act, and conspiracy to violate the act. (Current version at 35 P.S. §780-113 (1978)). Petitioner pled guilty to the charges. On September 21, 1971 he was released on probation for 18 months. To date, the conviction has not been reversed or vacated, nor has petitioner been pardoned.

On August 10, 1988 petitioner filed a petition to expunge his criminal record, citing as support his crime-free record since his conviction, his marriage, and his continuous employment. Petitioner is to be commended for his subsequent progress and rehabilitation; however, this court is without authority to expunge a conviction record absent an empowering statute. *Commonwealth v. Landis,* 64 D.&C. 2d 23 (1973). Two statutes providing for the expunction of criminal records have been researched, but neither pertains to the instant case.

Although a court has the inherent power to amend its records, it does not have inherent power to expunge without statutory authority. *Commonwealth v. Landis, supra.* The court in *Landis* denied a request, similar to the request in the instant case, for expunction of a criminal conviction for drug violations. The court held that the petitioner did not qualify for expunction under the Drug Act of April 11, 1972, P.L. 165, which was the only statute in Pennsylvania at that time that authorized expunction of criminal records.

The current version of this statute is the Con-

trolled Substance, Drug, Device and Cosmetic Act; 35 P.S. §§780-118-119. The act permits expunction of records only in limited situations. Section 780-119(a) provides for expunction of criminal records when the charges have been withdrawn, dismissed, or when they result in an acquittal. Section 780-118 permits the court to expunge the criminal record of an individual charged with a non-violent crime, who claims to abuse or be dependent upon drugs, and who needs treatment. Neither of these sections is applicable to this case. Petitioner has not been acquitted of his drug charges, nor have the charges been withdrawn, dismissed, or pardoned. Also, petitioner does not claim to be dependent upon or abuse drugs.

The other statute that authorizes the expunction of a criminal record is found in the Crimes Code, 18 Pa.C.S. §9122. Petitioner is not entitled to expunction under this statute either. Section 9122(a) applied only to the expunction of *non-conviction* data contained in the criminal record, whereas section 9122(b) applies to the expunction of the entire criminal record regardless of the disposition of the case.

In the instant case, petitioner pleaded guilty to the charges against him, and thus any right to expunction must be found in section 9122(b)(1) or (b)(2). But the petitioner does not qualify under either section. Section 9122(b)(1) permits expunction of the entire criminal record when the individual has reached the age of 70 years and has been free from arrest or prosecution. Although the petitioner has not been arrested or prosecuted for almost 20 years, he is only 45 years old. Section 9122(b)(2) is not applicable here either because it allows expunction when the individual has been deceased for three years. Therefore, petitioner does

not meet these statutory requirements for expunction under 18 Pa.C.S. §9122.

The Superior Court of Pennsylvania established the principle that courts lack authority to expunge criminal records for individuals who have been arrested and convicted of crime. *Commonwealth v. Magdon,* 310 Pa. Super. 84, 456 A.2d 194 (1983). Moreover, that court has held that an individual who has been validly convicted of a crime, whose conviction has not been reversed or vacated, is not entitled to have the record of such conviction expunged. *Commonwealth v. Cremins,* 356 Pa. Super. 449, 514 A.2d 945 (1986); *Commonwealth v. Homison,* 253 Pa. Super. 486, 385 A.2d 493 (1978). Based upon this precedent, the undersigned finds that this petitioner is not entitled to expunction of his criminal record because this court lacks authority to do so, the conviction was valid and has not been vacated, reversed, or pardoned and petitioner has not met any of the statutory requirements for expunction under 18 Pa.C.S. §9122.

The Superior Court of Pennsylvania has distinguished a line of cases in which the legislature allows courts to expunge the criminal records of individuals who complete the specific rehabilitative programs. *Commonwealth v. Cook,* 359 Pa. Super. 216, 518 A.2d 858 (1986). In *Commonwealth v. Armstrong,* 495 Pa. 506, 434 A.2d 1205 (1981), for example, the Supreme Court of Pennsylvania held that an individual who successfully completed an accelerated rehabilitative disposition program was entitled to expunction. And, in *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981), the Supreme Court held that a juvenile who entered into a consent decree, pursuant to the Juvenile Act, was entitled to expunction. Both cases dealt with programs

having specific rehabilitative goals requiring expunction of criminal records. These facts are not present here.

In sum, petitioner's conviction is valid and has not been reversed, vacated, or pardoned. He was afforded a hearing at which time he presented no applicable statutory authority to allow this court to grant expunction of his criminal record. Accordingly, this court did not err in denying the petition. An application for relief sought by the petitioner should be addressed to the Board of Pardons, *Commonwealth v. Magdon, supra.*