600 A.2d 619

In re ESTATE OF Lloyd F. LONG.

Appeal of Elva Marie KENNEDY.

Superior Court of Pennsylvania.

Argued Oct. 23, 1991.

Filed Jan. 2, 1992.

---

608

Christopher C. Houston, Carlisle, for appellant.

Gary E. French, Harrisburg, for participating party Long.

Before WIEAND, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from an order dismissing the objection of appellant to the First and Final Account of the Estate of Lloyd F. Long. The appellant challenges the constitutionality of 20 Pa.C.S.A. § 2507(3)[1] on the basis that the statute violates the Equal Protection and Due Process Clauses of the United States Constitution. The Court of Common Pleas of Cumberland County upheld the constitutionality of the statute, and we affirm.

The relevant facts are not in dispute and are as follows: Lloyd F. Long, decedent, executed a will on January 12, 1983. The decedent provided for his entire estate to be distributed equally among three individuals; Mary Long (decedent's wife at the time the will was drafted), Paul

---

1. Section 2507(3) provides:

    (3) Marriage. If the testator marries after making a will, the surviving spouse shall receive the share of the estate to which he would have been entitled had the testator died intestate unless the will shall give him a greater share. *Id.*

Miller (decedent's stepfather and executor of the will), and Elva Kennedy (decedent's aunt and appellant in this action). The decedent subsequently divorced Mary Long on November 29, 1983, and married Teresa Long on August 16, 1987. On November 5, 1987, the decedent died leaving neither issue nor parents. Pursuant to 20 Pa.C.S.A. § 2507(3), Teresa Long elected to receive her intestate share which equals 100% of the probate estate.[2]

Appellant claims that § 2507(3) violates the Equal Protection clause of the Fourteenth Amendment because it irrationally creates two classifications of surviving spouses; one where the testator married the surviving spouse after executing a will ("after-married spouse"), and one where the testator married the surviving spouse prior to executing a will. An after-married spouse is entitled to receive an intestate share of the estate, which can operate, as in the present case, to totally invalidate the gifts to the named beneficiaries in decedent's will.

Initially, we note that the Commonwealth "has the power to enact all manner of legislation with respect to wills and trusts subject, of course, to the rights and limitations ordained in the Constitution of the United States and the Constitution of Pennsylvania." *In re Estate of Scott*, 418 Pa. 332, 336, 211 A.2d 429, 431 (1965). Furthermore, there is a strong presumption that statutes enacted by the legislature are constitutional. Therefore, appellant "bears the burden of demonstrating that the statute 'clearly, palpably and plainly' violates the Constitution. Doubts are to be resolved in favor of sustaining the legislation." *Estate of Cox*, 327 Pa.Super. 479, 485, 476 A.2d 367, 370–71 (1984) (quoting *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 154, 425 A.2d 419, 421 (1981)).

The equal protection clause does not deny the legislature the power to treat different classes of persons in

---

**2.** The intestate share is calculated by applying 20 Pa.C.S.A. § 2102(1). The intestate share of a decedent's surviving spouse is:
   (1) If there is no surviving issue or parent of the decedent, the entire intestate estate. *Id.*

different ways, rather it requires that the classification meet the appropriate degree of constitutional scrutiny. *Cox,* 327 Pa.Superior Ct. at 486, 476 A.2d at 371.

> Where the challenged statute impinges upon a fundamental right or liberty or concerns a 'suspect class', the court is to undertake a 'strict scrutiny' of the law. An intermediate standard of review ... is employed when the questioned state affects a 'quasi suspect' classification. Finally, where the statutory classification concerns neither a suspect nor quasi suspect category nor fundamental rights or liberties, a minimal standard of review is to be employed.

*Id.*

■ Appellant concedes that the minimal standard or rational basis test is applicable. Thus, our review is limited to determining whether § 2507(3) is rationally related to a legitimate state purpose. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *In re Estate of Cavill,* 459 Pa. 411, 329 A.2d 503 (1974) (employing the rational basis test to determine the constitutionality of Mortmain statute). "This deferential standard mandates only that the statutory classification be 'reasonable' and 'rest upon a difference having a fair and substantial relation to the object of the legislation.'" *Estate of Cox,* 327 Pa.Super. at 487, 476 A.2d at 371 (quoting *Snider v. Thornburg,* 496 Pa. 159, 166, 436 A.2d 593, 596 (1981); *F.S. Royster Guano Company v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920)).

There is little doubt that the Commonwealth has a legitimate state interest in protecting an after-married spouse. As the trial court noted:

> The most obvious purpose behind § 2507(3) is to protect a surviving spouse from the negligence of the decedent in failing to update his will after marriage. The statute makes a presumption that had the decedent thought about it, or had a chance, he would have provided for his current spouse. It is clear that this is a legitimate purpose.

(T.C.O. at 10). Furthermore, this goal is well within the legislature's power to enact legislation limiting the right to inherit property. *Estate of Cox*, 327 Pa.Super. at 487, 476 A.2d at 371 (1984).

Thus, if the means employed in § 2507(3) are rationally related to protecting the surviving spouse from an unintentional omission, then the statute withstands constitutional scrutiny. The means employed in § 2507(3) are to give the surviving spouse the share of the estate that he would have received had the testator died intestate, unless the will gives him a greater share. *Id.* Since this is a rational means to protect an after-married spouse, the statute does not violate the equal protection clause.

Appellant argues that because the legislature has provided a spouse with an elective share, the after-married spouse is already protected from unintentional disinheritance, and therefore § 2507 serves no rational purpose. Since appellant does not challenge the legislature's ability to provide an elective share, her only objection is that § 2507 affords a surviving spouse too much protection. This argument is essentially that the means selected by the legislature for protecting an after-married spouse work too well. As the 1956 Official Comment to § 2507(3) states:

> The Model Probate Code makes no provision for the after-married spouse because it is considered that his right to take against the will is a full protection. Pennsylvania places the after-married in the more gracious position of receiving a full intestate share, including the spouse's allowance (*Shestack's Estate*, 267 Pa. 115 [110 A. 166], without requiring that there be an election to take against the will.

*Id.*

"Our scope of review is limited to questions of law. We may not sit as a super-legislature empowered to re-write legislation as we see fit nor is it within our province to judge the wisdom of the authors of challenged legislative enactments." *Lehigh Foundations v. Workmans Comp. Appeal Board*, 39 Pa.Commw. 416, 395 A.2d 576, 579

(1978). Furthermore, "[i]t is beyond our scope of review to ascertain whether an alternative means would have more appropriately served the sovereign's purpose." *Estate of Cox*, 327 Pa.Super. at 489, 476 A.2d at 373. By questioning the amount of protection afforded an after-married spouse, appellant is asking this Court to pass on the wisdom of protecting the surviving spouse to the possible exclusion of the named beneficiaries. This we will not do. As such, we reject appellant's equal protection argument.

Appellant's second issue is that § 2507(3) violates the Due Process clause of the United States Constitution. Specifically, appellant argues that § 2507(3) creates an irre-buttable presumption that the testator would have revised his will after marriage to include his surviving spouse to a share at least equal to her intestate share, and that this presumption denies the named beneficiaries a property right without due process of law.

The flaw in appellant's argument, however, is that the named beneficiary to a will does not have a property interest protected by the fourteenth amendment. *In re Estate of Cavill*, 459 Pa. 411, 329 A.2d 503 (1974) (Pomeroy, J. dissenting). While it is true that the concept of property includes more than "the ownership of real estate, chattels, or money," it does not encompass a mere expectation. *Board of Regents v. Roth*, 408 U.S. 564, 571–72, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). Rather for the due process protections to attach, appellant must have a legit-imate claim of entitlement. *Id.*

As the trial court correctly explained, appellant only had a tenuous interest in receiving any property. Aside from the application of § 2507(3), a number of unpredictable events could occur to defeat the right of appellant to receive any of the testator's estate. For example, the decedent could change his will, or the objector could have prede-ceased the decedent.

Furthermore, there is no claim of entitlement. "There is no natural right to receive property through a will. Any

inheritance is accomplished through the legislature granting a person the power to will his property to another. In fact, it is even possible for the state to declare an escheat of all a decedent's property." (T.C.O. at 6) (citing *Cavill,* 459 Pa. 411, 329 A.2d 503 (1974) (Pomeroy, J. dissenting); *Tack's Estate,* 325 Pa. 545, 191 A. 155 (1937). Thus, appellant does not have a property right protected by the fourteenth amendment.

Accordingly, we affirm the trial court, and hold that 20 Pa.C.S.A. § 2507(3) does not violate either the Equal Protection or Due Process Clauses of the United States Constitution.

Order affirmed.