## Allen v. Montgomery Hospital

*John V. Hasson,* for plaintiff.

*John R. Warner,* for defendant, Montgomery Hospital.

*William H. Pugh,* for defendant, Paul R. Casey, Jr., M.D..

NICHOLAS, *P.J.,* November 9, 1994—This opinion is necessitated by plaintiffs' appeal to the Superior Court of Pennsylvania from our order dated August 18, 1994, denying plaintiffs' motion and supplemental motion for post-trial relief and entering judgment in favor of defendants, Montgomery Hospital and Paul R. Casey Jr., M.D.

Plaintiffs are Anne L. Allen, a/k/a Nancy Allen, and her parents and guardians, Walter E. Allen and Anne M. Allen. Plaintiffs commenced this action by writ of summons, filing their complaint against defendants on November 20, 1984. In their complaint, plaintiffs alleged that defendants were responsible for negligent treatment of Nancy which resulted in Nancy sustaining severe personal injuries, including hypoxic-encephalopathy causing permanent brain damage. Plaintiffs' complaint further alleged that defendants' negligence aggravated Nancy's pre-existing mental retardation and psychosis.

On December 4, 1990, defendants filed a motion in limine, requesting—upon the court's consideration of a set of facts stipulated to by all parties—a ruling as to whether the provisions of the Mental Health Procedures Act, 50 P.S. §7101 et seq, governed this case. By opinion and order dated June 11, 1991, the Honorable Stanley R. Ott of this court granted defendants' motion and ruled that "the standard of negligence set forth in section 7114 of the Mental Health Procedures Act shall be applied as the law of the case."

Section 7114 provides, in pertinent part, that:

"(a) In the absence of willful misconduct or gross negligence ... a physician ... or any other authorized person who participates in a decision that a person be examined or treated under this act ... shall not be civilly or criminally liable for such decision or for any of its consequences."

The primary effect of Judge Ott's ruling was that, in order to prevail on the issue of liability, plaintiffs would be required to establish at trial by a preponderance of the evidence that defendants committed gross negligence in their treatment of Nancy.[1]

Pursuant to Pa.R.A.P. 702(b), Judge Ott certified his decision for an interlocutory appeal to the Superior Court. (See Judge Ott's order dated July 9, 1991.) The Superior Court, by per curiam order dated October 17, 1991, declined to hear defendants' appeal. Defendants subsequently filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied per curiam by order dated April 22, 1992.

The case came on for trial before the undersigned and a jury, beginning October 4, 1993, with testimony commencing on October 6, 1993. The jury returned its verdict on October 21, 1993, finding that the conduct of neither defendant was grossly negligent. Under 50 P.S. §7114, defendants thus could have no liability to plaintiffs for Nancy's injuries.

Plaintiffs filed their motion for post-trial relief on October 29, 1993, supplementing their motion on November 1, 1993. Oral argument on plaintiffs' motion was heard before the undersigned on August 17, 1994. Following argument, and after consideration of the briefs

---

1. There was no evidence presented of any willful misconduct in the instant case.

of counsel, this court, by order dated August 18, 1994, denied plaintiff's motion and supplemental motion for post-trial relief and entered judgment in favor of defendants and against plaintiffs, upon the verdict of the jury.

Plaintiffs filed their notice of appeal to the Superior Court of Pennsylvania on August 29, 1994. By order dated August 31, 1994, this court directed plaintiffs to file and serve upon the undersigned trial judge a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Plaintiffs filed their concise statement on September 14, 1994.

In paragraphs one and two of their concise statement, plaintiffs contend that the court erred in applying the immunity provisions of 50 P.S. §7114 to defendants in the instant case. We disagree. At trial, the undersigned specifically adopted Judge Ott's ruling in this regard as the law of the case. (N.T., October 6, 1993, pp. 33-34.) On post-verdict review, we see no reason to amend our position, and we believe that Judge Ott's opinion dated June 11, 1991 fully addresses the issues raised by plaintiffs in paragraphs one and two of their concise statement.

In paragraphs three and four of their concise statement, plaintiffs contend that the application of 50 P.S. §7114 to this case violates the Equal Protection Clause of the United States and Pennsylvania Constitutions. Plaintiffs contend that section 7114, as applied, is unconstitutional because it creates "different rights of a mentally ill patient from the rights of the non-mentally ill patients in the same facility and under the care of the same doctor or hospital" and because it deprives "a person of rights, privileges and remedies based solely upon the patient being mentally ill." We believe plaintiffs' contentions in this regard to be without merit.

We note first that it is settled law that a strong presumption of constitutionality attaches to any lawfully enacted legislation, and all doubts relating to a statute's constitutionality must be resolved in that statute's favor. *Dansby v. Thomas Jefferson University Hospital*, 424 Pa. Super. 549, 623 A.2d 816 (1993). The party challenging a statute's constitutionality must rebut this presumption "by a clear, palpable, and plain demonstration that the statute violates a constitutional provision." *James v. SEPTA*, 505 Pa. 137, 142, 477 A.2d 1302, 1304 (1984). In the instant case, plaintiffs cited this court no authority, nor has our research uncovered any, indicating that the application of section 7114, to this case is in any manner unconstitutional.

Plaintiffs' complaint is that, under section 7114, plaintiffs were required to demonstrate gross negligence on the part of defendants in order to establish defendants' liability. Nancy's specific injuries resulted while she was restrained by a "posey device." Because such devices also can be used for patients who are not mentally ill, plaintiffs contend that it is a violation of equal protection for Nancy to be required to prove gross negligence whereas a patient injured in a posey device who was not mentally ill would need prove only ordinary negligence in order to recover. We disagree.

The right to equal protection of the law does not deny the legislature the power to treat different classes of persons in different ways. Rather it requires that distinctions between classifications of persons be justifiable according to the appropriate degree of constitutional scrutiny. *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986); *In re Estate of Long*, 410 Pa. Super. 607, 600 A.2d 619 (1992); *Estate of Cox*, 327 Pa. Super. 479, 476 A.2d 367 (1984).

Where a statutory scheme creates a "suspect" classification (*e.g.* one based upon race or religion), or when the legislation restricts the exercise of a fundamental right (*e.g.* a right for which the constitution makes explicit provision), the court is called upon to review the legislation under the "strict scrutiny" standard of constitutional analysis. See *e.g. Pa. Liquor Control Board v. SPA Athletic Club*, 506 Pa. 364, 485 A.2d 732 (1984); *James v. SEPTA, supra; Pennsylvania Bar Association v. Commonwealth*, 147 Pa. Commw. 351, 607 A.2d 850 (1992). Where a statutory scheme affects rights traditionally deemed "important," though not "fundamental," (*e.g.* liberty interests), courts review under the "intermediate" standard of constitutional analysis. Finally, where the legislation creates neither a suspect classification nor restricts the exercise of any "fundamental" or "important" right, the legislation is reviewed under the "rational basis" standard of constitutional analysis. Under this standard, where a legitimate purpose behind a statute has been identified, and where any conceivable rational relationship exists between that purpose and the means chosen to foster it, the statute must be upheld. *Tony Savatt Inc. v. Latrobe Brewing Co.*, 400 Pa. Super. 296, 583 A.2d 796 (1990), *appeal denied*, 527 Pa. 668, 593 A.2d 843 (1991), *cert. denied*, 112 S.Ct. 586, 116 L.Ed.2d 611 (1992); *Dansby v. Thomas Jefferson University Hospital, supra.*

In the instant case, plaintiffs contend that the strict scrutiny standard of review must be applied. Plaintiffs point to Article 1, Section 11 of the Pennsylvania Constitution:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the legislature may by law direct."

We do not agree that the application of section 7114 to the instant case effects any violation of Article 1, Section 11 of our constitution. 50 P.S. §7114 does not close the court doors to Nancy. Rather, it sets the evidentiary burden Nancy must meet in order to recover. Although our research uncovered no appellate cases analyzing the constitutionality of section 7114 in light of Article 1, Section 11, we note *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 469 A.2d 158 (1983), wherein our Supreme Court held that the exclusivity provision of the Workers' Compensation Act does not violate Article 1, Section 11 even where it works to bar an injured employee from suing to recover for an impairment not covered by workers' compensation. See also, *Tsarnas v. Jones & Laughlin Steel Corporation*, 488 Pa. 513, 412 A.2d 1094 (1980); *Shaffer v. Procter & Gamble*, 412 Pa. Super. 630, 604 A.2d 289 (1992), *appeal denied*, 532 Pa. 665, 616 A.2d 986 (1992). We note, further, *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), where the court applied the rational basis test in holding constitutional the denial to an employee (pursuant to the Workers' Compensation Act) of a right of action against his employer for uninsured motorist benefits, even where a non-employee who was injured in the same accident would retain a right of action.

In the instant case, 50 P.S. §7114 clearly was enacted with the intention of furthering a legitimate governmental objective. Citing 50 P.S. §7102, the court held in *In re McMullins*, 315 Pa. Super. 531, 462 A.2d 718 (1983), that the purpose of the MHPA is to assure the availability

of adequate treatment to persons who are mentally ill and to make treatment available where the need is great and its absence could result in serious harm to the mentally ill person or to others. 50 P.S. §7102 further provides, in pertinent part, that:

"Treatment on a voluntary basis shall be preferred to involuntary treatment; and in every case, the least restrictions consistent with adequate treatment shall be employed."

It appears to this court beyond cavil that the limited immunity accorded by section 7114 bears a reasonable relationship to the purpose articulated in section 7102.

Section 7114 was enacted in order to encourage adequate treatment of the mentally ill in the least restrictive environment possible, by granting those involved with the decision-making process in regard to such treatment a limited immunity from criminal and civil liability. See also, *Farago v. Sacred Heart General Hospital*, 522 Pa. 410, 562 A.2d 300 (1989).

Given the often unpredictable behavior and the frequent and often extreme difficulties involved in the treatment of the mentally ill, we believe it is eminently logical for the legislature to conclude that subjecting providers of care to the mentally ill to liability for ordinary negligence in their treatment decisions would discourage treatment of the mentally ill and would encourage such treatment as was offered to be given in a highly restrictive, constrained environment. Conversely, it appears fully logical that according providers a limited immunity from liability would encourage such providers to offer and provide care under less restrictive conditions. We believe the purposes behind the MHPA to be not only legitimate,

but important, even compelling. We believe that section 7114 effects a reasonable, appropriately restricted means of advancing the legislature's purposes. Again, an analogy to the Workers' Compensation Act appears appropriate:

"The workmen's compensation law has deprived some of rights in exchange for surer benefits, immunized some, to make possible resources to benefit many, who were heretofore without possible or practical remedies." *Kline, supra* at 255, 469 A.2d at 160.

Similarly, in the instant case, the mentally ill are precluded from recovery for ordinary negligence but, in return, benefit from a statutory scheme making more likely their receiving adequate treatment in as non-restrictive an environment as possible.

We thus believe that 50 P.S. §7114, as applied in the instant case, passes constitutional muster.

Finally, in paragraph five of their concise statement, plaintiffs contend that the court erred in holding "that a violation of a provision of the Mental Health Procedures Act, and of the regulations adopted under such Act, was not a sufficient basis for liability, but would be a sufficient basis for liability only if the jury went further and found such violation constituted gross negligence." We disagree and, again, we believe Judge Ott's opinion dated June 11, 1991 fully meets plaintiffs' contentions in this regard. We further note *Werner v. Department of Public Welfare*, 109 Pa. Commw. 134, 530 A.2d 1004 (1987), where the court held that section 7114's immunity provisions take precedence over more general provisions of the MHPA concerning a patient's entitlement to rights under the laws of this Commonwealth.

For all of the foregoing reasons, our order dated August 18, 1994 should be affirmed.