485 A.2d 817

Thomasine NORRIS, Administratrix of the Estate of William Thomas Norris, Deceased, and Thomasine Norris, in her own right, Appellant,

v.

Eugene Francis WOOD, Pennsylvania Assigned Claims Plan, EWO, Inc., d/b/a "Talk of the Town" Bar, Kazimier Onichimowski, Edward Onichimowski and Michael C. Iovine.

Superior Court of Pennsylvania.

Argued Aug. 23, 1984.

Filed Dec. 14, 1984.

George J. O'Neill, Philadelphia, for appellant.

Charles L. Pelletreau, Philadelphia, for Wood, appellee.

Michael Saltzburg, Philadelphia, for Pa. Assigned, appellee.

Boris Shapiro, Philadelphia, for EWO, appellees.

Before CIRILLO, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

William Norris was fatally injured when the uninsured car he was driving was struck by a car driven by Eugene Wood in Philadelphia. His daughter, Thomasine, filed a claim with the Pennsylvania Assigned Claims Plan for work loss benefits and funeral expenses, on behalf of Mr. Norris' estate, and for survivor's benefits, on her own behalf. The Plan paid the estate $16,500 and Thomasine $5,000.

Thomasine then brought suit for uninsured motorist benefits against the Plan. In the same action, she claimed damages from Eugene Wood for negligence, and from "Talk of the Town" Bar for negligence. The Plan counterclaimed, alleging that since Thomasine was the owner of an uninsured vehicle, and the Plan had paid out money in connection with an accident involving that vehicle, the Plan was entitled under 40 P.S. § 1009.501 to recover the money paid from the uninsured vehicle's owner. The court ordered partial summary judgment for the Plan on its claim; appellant Thomasine Norris appeals the lower court's order.

Appellant contends that the order below, granting appellee partial summary judgment, is based on a constitutionally defective statute and should be reversed. Appellee contends that this Court cannot hear the arguments offered by appellant regarding the constitutionality of the No-Fault Act because appellant has waived them. Appellee points to Pa.R.Civ.P. 1032 and asserts that because no argument was

advanced by appellant "in the pleadings," her argument is barred.

We note that the statute requires that an issue be raised "by preliminary objection, answer or reply." Pa.R. Civ.P. 1032. This is not the same as "in the pleadings." Since appellant first raised the constitutional issue in her answer to appellee's motion for partial summary judgment, see appellant's Brief at 36a, it was raised properly and appellant has preserved her issue.

Appellant argues that 40 P.S. § 1009.501, (Purdon's 1984–85 Supp.) is unconstitutional because "it automatically and arbitrarily imposes [these] severe penalties and liabilities without fault upon an impoverished person simply because of her poverty." Appellant's Brief at 11. The statute provides that:

> The obligor obligated to pay basis loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act or to the spouse or relative resident in the household of the owner or registrant of such motor vehicle, shall be entitled to recover all benefits paid and appropriate loss or adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of this motor vehicle registration and operator's license.

Appellant contends that because the statute requires her to pay the damages caused by the accident, and because she is subject to loss of registration of her vehicle and suspension of her license and is subject to prosecution (under 40 P.S. § 1009.601) if she fails to pay, the pay-back provision violates her right to equal protection under the law.

The gist of appellant's argument appears to be that the State treats poor and rich persons unequally in the area of motor vehicle operation. She argues that the State cannot mandate, through penalties for non-compliance, that drivers

compensate others for injuries incurred in accidents. Her arguments merit careful discussion.

■ In reviewing Equal Protection claims, we must first define the classes created by the legislation. *Commonwealth v. Webster*, 462 Pa. 125, 337 A.2d 914, *cert. denied* 423 U.S. 898, 96 S.Ct. 201, 46 L.Ed.2d 131 (1975). When a class is "suspect," the statute mandating different treatment must be scrutinized strictly for an impermissible legislative purpose. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The same level of scrutiny is required when the interest involved is fundamental. *Id.* at 313, 96 S.Ct. at 2566. When no suspect class or fundamental right is involved, the statute must meet a rational basis test. *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).

The statute here divides car owners into three classes: insured, underinsured and uninsured. When an insured owner is in an accident, presumably his insurer will pay any judgments rendered against him. When an underinsured owner is in an accident, the State may suspend his operating privileges if the judgment is not satisfied by his insurer. 75 Pa.C.S. § 1742(c) (Purdon's 1984–85 Supp.)[1] An uninsured owner, if a judgment is rendered against him in favor of the Plan, is subject to having his license suspended, his registration revoked and criminal proceedings initiated against him.[2]

Thus, members of one class, uninsured owners, are subject to penalties in the event of an accident in which the Plan pays benefits and obtains a judgment against the

[1]. The Legislature, in enacting the Motor Vehicle Financial Responsibility Act of 1984, Act No. 1984–11, did not change this provision. Act No. 1984–11, § 1772 (February 12, 1984).

[2]. 40 P.S. § 1009.501, .601 (Purdon's 1984–85 Supp.) (repealed and reenacted in substantially the same form in the Motor Vehicle Financial Responsibility Act of 1984, Act No. 1984–11, February 12, 1984). We note that § 1785 of the Act provides for suspension only of the owner's license, and only in the event of any accident requiring an accident report.

owner. Members of the second class, underinsured, are subject to lesser penalties in the event of an accident in which a judgment in excess of coverage is rendered. Members of the third class, insured owners, are not mentioned in the statute and are subject to no penalties.

■■■■ If we are to subject this classification scheme to strict scrutiny, we must hold that uninsured owners are a suspect class, or the interest involved is fundamental. Appellant argues that all uninsured persons are poor, and that poor persons are a suspect class. We cannot accept her contention. First, we have nothing in the record from which to conclude that "uninsured" is coincidental with "poor." Appellant submitted nothing more than argument in favor of this proposition, devoid of facts, statistics or case studies. Second, under current constitutional doctrine, poverty is not a suspect classification.[3] Suspect classifications are those based on alienage, nationality or race.[4] *Adler v. Montefiore Hospital Ass'n. of Western Pennsylvania*, 453 Pa. 60, 311 A.2d 634 (1973), *cert. denied* 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974).

■■■■ Appellant also argues that driving a motor vehicle is a fundamental right, requiring strict scrutiny of any law unduly burdening that right. *Massachusetts Board of Retirement v. Murgia, supra*. We cannot agree. Although possession of a driver's license is an important interest, *see Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), it does not rise to the level of a fundamental right. *See Commonwealth Department of Transportation v. Slater*, 75 Pa.Cmwlth. 310, 462 A.2d 870 (1983) (holding that operator's permit for bus not fundamental right).

3. For an interesting analysis of poverty as a suspect class, *see* Michelman, On Protecting the Poor Through the Fourteenth Amendment, 83 Harv.L.Rev. 7 (1969). Prof. Michelman argues that the better argument is one of "minimum protection," guaranteeing basic needs, rather than "equal protection."

4. Sex may be a suspect classification as well. *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).

■ When no suspect class or fundamental right exists, the statute must be examined to find whether a reasonable relation exists between its classification and the legislative goal. *Commonwealth v. Staub*, 461 Pa. 486, 337 A.2d 258 (1975). Here, the object of barring driver's licenses to those who do not pay judgments is to prevent future occurrences of uncompensated injury from burdening the Plan. The classification of owners into insured, underinsured and uninsured accomplishes this goal. The scheme prevents those who force the Plan to pay out benefits from repeating their acts.

We hold that the classification is reasonably related to the legislative goal. We affirm the holding below that no violation of equal protection exists.

■ Appellant additionally argues that the statute denies her access to the courts, as provided in Art. I, § 11, of the Commonwealth's Constitution. This argument has no merit. Appellant is free to sue the uninsured motorist who struck her father, and has done so.[5] Appellant's arguments that the statute denies her the rights guaranteed her under Art. I, §§ 1, 2 and 26, and Art. 3, § 18, are similarly without merit. Her contentions have been addressed in *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975), and in our discussion of fundamental rights above.

We come to the conclusion that we must affirm the lower court's order cognizant of appellant's situation. It is regrettable that no insurance existed for her vehicle. But, as the court stated in *Shultz v. Heyison*, 439 F.Supp. 857 (M.D.Pa.1975):

The consequences of being indigent in our society are not pleasant. However, until and unless a different philosophy of government is adopted by the elected representatives of the people, it is not the role of the judiciary to equalize the effect on all individuals of all of life's

5. We acknowledge that appellant's costs and the judgment outstanding may result in no net reimbursement for her father's death in her pending action. Nonetheless, she has "access" to the courts, as required by the Constitution.

circumstances. The gist of many of Schultz's arguments in this case is that he is poor and must suffer the consequences. The court is entirely sympathetic with his plight. However, it cannot in the proper discharge of its function eliminate the differences between rich and poor and all those in between. It has a duty, of course, to protect all individuals from cruel and invidious actions taken against them by reason of their station in life. But it is not the role of the judiciary, once it is convinced that there is no illegal discrimination being worked against the indigent, nonetheless to attempt to relieve them from their plight. That must be done elsewhere.

439 F.Supp. at 861.

Judgment affirmed.

CIRILLO and BECK, JJ., concurred in the result.