**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Matthew McMULLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 24, 2000.
Filed July 6, 2000.

**60**

Craig S. Bory, Boyertown, for appellant.

Mark C. Baldwin, Asst. Dist. Atty., Reading, for Com., appellee.

Before McEWEN, President Judge, LALLY–GREEN, J. and HESTER, J.

HESTER, J.:

¶ 1 Matthew McMullen appeals from the September 9, 1999 judgment of sentence of forty-eight hours to twenty-three months incarceration and associated mandatory fines following his conviction of driving under the influence as a minor. For the following reasons, we affirm.

¶ 2 On July 13, 1998, Appellant was involved in a one-car accident. Appellant lost control of his vehicle, left the roadway, struck a vehicle, and drove into a residence. The Muhlenberg township police department responded to the accident. Officer Michael Travis interviewed Appellant and noticed he had glassy eyes and an odor of alcohol on his breath. Appellant admitted he had ingested some alcoholic beverages that evening. Appellant consented to a blood alcohol test. The test indicated Appellant's blood alcohol content ("BAC") was .105.

¶ 3 On July 16, 1999, Appellant was charged with driving under the influence of alcohol [1] and driving under the influence of alcohol as a minor.[2] A jury trial commenced on September 1, 1999, and concluded on September 3, 1999. The jury acquitted Appellant of driving under the influence of alcohol but convicted him of driving under the influence of alcohol as a minor. On September 9, 1999, Appellant was sentenced to a term of incarceration of forty-eight hours to twenty-three months and ordered to pay the costs of prosecution and supervision, a fine, participate in forty-eight hours of community service and pay restitution.

¶ 4 Appellant filed a notice of appeal to this Court on September 27, 1999. Pursuant to an order of the trial court, Appellant filed a concise statement of matters complained of upon appeal on October 6, 1999. The trial court filed its opinion on December 1, 1999. In his appeal, Appellant raises four issues, challenging the constitutionality of 75 Pa.C.S. § 3731(a)(4)(ii). These sections provide:

**§ 3731. Driving under influence of alcohol or controlled substance**

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled

---

1. 75 Pa.C.S. § 3731(a)(1).

2. 75 Pa.C.S. § 3731(a)(4)(ii).

substance to a degree which renders the person incapable of safe driving.

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater; or

(ii) a minor is 0.02% or greater.

¶ 5 Initially, Appellant asserts that 75 Pa.C.S. § 3731(a)(4)(ii) is unconstitutional on its face in violation of the Fourth and Fourteenth amendments to the United States Constitution. Our Supreme Court recently enunciated our standard of review for claims questioning the constitutionality of a statute:

> The standard of review we apply to the court's conclusion is exacting. A statute will be found unconstitutional only if it clearly, palpably and plainly violates constitutional rights. Under well-settled principles of law, there is a strong presumption that legislative enactments do not violate the constitution. Further, there is a heavy burden of persuasion upon one who questions the constitutionality of an Act.

*Commonwealth v. MacPherson*, 561 Pa. 571, 580, 752 A.2d 384, 388 (2000) (citations omitted). Our Supreme Court also has outlined the requirements for a due process challenge where a statute is alleged to be void for vagueness.

> As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. The principle [sic] aspect of the doctrine is the requirement that legislation establish minimal guidelines to govern law enforcement for, without such minimal guidelines, a criminal statute might permit a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilictions (sic).

*Commonwealth v. Mikulan*, 504 Pa. 244, 251, 470 A.2d 1339, 1342–43 (1983) (citations omitted).

¶ 6 Appellant alleges that § 3731(a)(4)(ii) does not clearly identify what conduct is prohibited. Additionally, Appellant states the statute allows an impermissible amount of police discretion, which could potentially lead to arbitrary enforcement. We disagree. 75 Pa.C.S. § 3731(a)(4)(ii) is a zero-tolerance statute. It is intended to prohibit, deter, and punish minors who consume alcohol and then operate a motor vehicle. The minor confronted with this statute is put on notice that operating a motor vehicle after consuming even a small amount of alcohol can lead to criminal liability.

¶ 7 We also fail to see how this statute could be applied arbitrarily. Minors convicted under this statute must have a BAC of .02 or greater. The Commonwealth has an affirmative duty to prove this fact using scientific methods. The only discretionary aspect involved is whether the arresting officer has probable cause to request the individual to submit to a breathalyzer or a blood test. Objective criteria such as glassy eyes, slurred speech, or alcoholic odors serve as the basis for requesting a field sobriety test. The field sobriety test is then employed to determine whether or not to request a BAC test. The statute is sufficiently definite with no danger of arbitrary or discriminatory enforcement.

¶ 8 Secondly, Appellant asserts that 75 Pa.C.S. § 3731(a)(4)(ii) does not "bear a reasonable and substantial relationship to accomplishing the allowable purpose for which it was enacted in violation of article I, section II of the Pennsylvania Constitution." Appellant's brief at 11. We disagree with the premise of Appellant's argument as well as his conclusion.

¶ 9 Initially, we note the proper standard to be applied to this constitutional claim. Where a statute affects a fundamental right or includes a suspect class, a heightened level of scrutiny must be ap-

plied. *Smith v. Coyne,* 555 Pa. 21, 27, 722 A.2d 1022, 1025 (1999). Intermediate scrutiny is applied to important rights and sensitive classifications. *Id.* Where neither of the aforementioned conditions are present, a 'rational basis' test determines the constitutionality of the statute. *Id.* It is settled law in Pennsylvania that the privilege to operate a motor vehicle is not a fundamental right and age is not a suspect class. *Kimel v. Florida Board of Regents,* 528 U.S. 62, ——, 120 S.Ct. 631, 645, 145 L.Ed.2d 522 (2000) (age classifications do not trigger strict scrutiny analysis); *Norris v. Wood,* 336 Pa.Super. 305, 485 A.2d 817, 820–21 (1984). Further, the Commonwealth's police powers in matters pertaining to the regulations of alcoholic beverages is particularly broad. *Mikulan,* 504 Pa. at 246, 470 A.2d at 1340.

¶ 10 Accordingly, we consider Appellant's claims under the 'rational basis' standard of review. Appellant concedes the fact that the Commonwealth has a valid interest in reducing the risk related to excessive drinking and driving. However, Appellant questions whether § 3731(a)(4)(ii), which prohibits driving with a BAC of .02, has a rational relation to achieving that goal. Specifically, Appellant argues that § 3731(a)(4)(ii) denies individuals due process because it can lead to the criminal convictions of persons who did not meet the legislative standard for intoxication of .10 as set forth in § 3731(a)(4)(i).

¶ 11 We must apply the two-step rational relationship test to this Constitutional question. *Commonwealth v. Strunk,* 400 Pa.Super. 25, 582 A.2d 1326 (1990); citing *Meier v. Anderson,* 692 F.Supp. 546, 552 (E.D.Pa.1988) *aff'd,* 869 F.2d 590 (3ʳᵈ Cir.1989). The first question is "whether the challenged statute seeks to promote any legitimate state interest or public value." *Id.* at 1328. The second prong of the analysis evaluates whether the statute is reasonably related to accomplishing that articulated state interest or interests. *Id.*

¶ 12 It is clear to this Court, as it was to the trial court, that there are legitimate state interests promoted by § 3731(a)(4)(ii). The legislature intended to deter and discourage underage drinking. Underage drinking and driving result in a high number of fatalities every year, not only throughout Pennsylvania, but throughout the United States. Nearly one-third of all deaths of fifteen to twenty-year-old persons result from motor vehicle crashes and approximately thirty-five percent of these fatalities are related to alcohol.[3] By setting a low BAC threshold, the legislature sought to reduce teenage traffic injuries and also exercise its police powers in order to "attempt, halt, or at least retard the senseless slaughter of and injury to innocent people upon our roadways caused by drunk drivers." *Mikulan,* 504 Pa. at 248, 470 A.2d at 1341. These interests are promoted by the zero-tolerance statute.

¶ 13 We next consider whether this legislative enactment is reasonably related to the goal of deterring underage drinking and driving. Initially, we note that the constitutionality of § 3731(a)(4)(i) has been tested numerous times on the basis that the .10 figure is arbitrary and irrational. In *Mikulan, supra,* our Supreme Court resolved this issue and determined that the .10 figure was rational and constitutional. We must determine whether the .02 figure associated with § 3731(a)(4)(ii) is arbitrary or irrational. In reaching our conclusion, we need not compare (a)(4)(i) to (a)(4)(ii), as Appellant suggests, but instead we evaluate (a)(4)(ii) independently.

¶ 14 Appellant presented expert testimony at trial regarding the medical effect of alcohol on individuals. Appellant's expert witness testified that available scientific

---

**3.** *National Highway Traffic Safety Administration, U.S. Department of Transportation.* "The Facts: Zero Tolerance." (May 1998).

and medical evidence does not support a finding of intoxication when an individual's BAC is .02%. Further, the expert opined that at a BAC of .02%, the effects of alcohol are minimal and would not significantly impair a minor or an adult's ability to drive. While we agree with Appellant's position that the record contains no evidence that this minimal amount of alcohol has an effect on an individual, we cannot agree that this statute is irrational or arbitrary.

¶ 15 The trial court exhaustively discussed the rationale behind (a)(4)(ii), and we adopt it:

Minors, unlike adults, *are not allowed to consume alcoholic beverages.* The legislature had the power, if it so desired, to set a .00 level, for zero tolerance. However, by setting a .02 level, Pennsylvania is virtually enacting a zero tolerance law, due to variances in the alcohol testing instruments. Therefore, the .02 figure is not arbitrary. Further, pursuant to the National Highway Systems Designation Act of 1995, starting in 1999, Federal Highway funds will be withheld from states that do not apply zero tolerance laws to persons under age 21, set a BAC of .02 or less, and establish .02 as a per se offense without having to prove intoxication. *See* 23 U.S.C.A. § 410.

The legislature's interest in reducing teenage traffic fatalities is also rationally related to the zero tolerance law. It has been proven that states with some type of zero tolerance laws have experienced a drop in the number of nighttime fatal crashes involving young drivers. In comparison states without zero tolerance laws experienced an increase. One study showed that states with zero tolerance laws reduced the number of nighttime fatal crashes involving young drivers by 16 percent, while states without zero tolerance experienced a 1 percent increase. Since is (sic) has been established that Section 3731(a)(4)(ii) is rationally related to a legitimate state interest, it therefore does not violate the Defendant's due process rights under the Pennsylvania Constitution or the Constitution of the United States.

Trial Court Opinion, 12/1/99, at 8–9 (citations omitted) (emphasis added).

¶ 16 In his third allegation of error, Appellant argues that § 3731(a)(4)(ii) creates an unconstitutional mandatory and permissive presumption in violation of the Fifth Amendment to the United States Constitution and the Due Process Clause of the Pennsylvania Constitution. Appellant's brief at 13. Appellant argues that § 3731(a)(4)(ii) employs a presumption of intoxication once the Commonwealth offers proof that an individual's BAC was .02 or higher. Appellant asserts that the prosecution need not prove that there was intoxication and driving at the same time, only that the *per se* intoxication of .02 or higher occurred. Appellant further argues that the Due Process Clause requires the state to persuade the finder of fact beyond a reasonable doubt that the BAC at the time of driving relates to some scientific standard. Appellant concludes that § 3731(a)(4)(ii) relieves the Commonwealth from proving an element of the crime beyond a reasonable doubt.

¶ 17 We disagree. 75 Pa.C.S. § 3731(a)(4)(ii) created a separate and distinct offense from 75 Pa.C.S. § 3731(a)(1). Conviction under § 3731(a)(4)(ii) requires proof beyond a reasonable doubt that the actor drove, operated, or was in actual physical control of a motor vehicle while his BAC was .02 or greater. The Commonwealth is *not* required to produce evidence of intoxication as part of a § 3731(a)(4)(ii) prosecution. There is no language in the statute whereby a BAC of .02 is deemed to be *per se* intoxication.

¶ 18 Appellant contends that because the heading of the statute implies an allegation of driving while intoxicated, a conviction based on a BAC of .02 creates an unconstitutional presumption of intoxication. The plain language of § 3731

criminalizes driving while under the influence of alcohol or controlled substances. An individual can be convicted under this stature if intoxicated, if a controlled substance was taken that substantially impairs the ability to drive, if the BAC is .10 or greater, *or* if the BAC is .02 or greater and the actor is under the age of twenty-one. While some individuals may have a false, preconceived idea of the conduct prohibited by § 3731, this fact does not render the statute unconstitutional.

¶ 19 Lastly, Appellant argues his conviction under § 3731(a)(4)(ii) must be reversed because "the statutory presumptive inference set forth in subsection (A.1) on which the convictions was [sic] based is constitutionally invalid." Appellant's brief at 15. We are not able to address the merits of this claim due to the fact it is not properly before us. In his brief in support of motion to dismiss count II, Appellant failed to raise this claim. Further, Appellant did not argue this point at the September 1–2, 1999 oral argument on the motion to dismiss.

¶ 20 This issue was presented to the trial court after sentencing on September 13, 1999, in the form of a motion to amend Appellant's motion to dismiss. The trial court denied the motion on the same day without hearing argument on the merits of the issue. It is well established that issues not raised during trial may not be raised on appeal. *Commonwealth v. Edmondson*, 553 Pa. 160, 718 A.2d 751 (1998). Accordingly, we may not consider this issue on appeal.

¶ 21 Judgment of sentence affirmed.