J-S42038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MAURICE R. CAMPBELL | |
| Appellant | No. 1744 WDA 2015 |

Appeal from the Judgment of Sentence October 20, 2015
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0005100-2015

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED OCTOBER 28, 2016**

Appellant, Maurice R. Campbell, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, after he pleaded guilty to one count of driving under the influence ("DUI") under Section 3802(d)(1) (any amount of controlled substance or metabolite)[1] and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1). Section 3802(d) states:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1) There is in the individual's blood any amount of a:
>
> > (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64),[ ] known as The Controlled Substance, Drug, Device and Cosmetic Act;

one count of driving under with suspended operating privileges[2] ("DUS").

Appellant claims that the trial court erred at sentencing when it permitted a

victim impact statement from the mother of a child whom Appellant struck

and killed while committing the offenses. Relatedly, Appellant contends that

> (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or
>
> (iii) metabolite of a substance under subparagraph (i) or (ii).
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.
>
> (3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(1)-(3). Marijuana is a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv).

The Commonwealth did not specify whether it was proceeding under Subsection (d)(1)(i), (iii), or both. However, the trial court apprised Appellant of the elements of Subsection (d)(1)(i) at the guilty plea colloquy. **See** N.T. Guilty Plea Hr'g, 9/3/15, at 7. Appellant concedes that his blood contained an active compound. The affidavit of probable cause alleged Appellant's blood contained 6 ng/ml of Delta-9 THC and 47 ng/ml of Delta-9 Carboxy THC. Delta-9 THC refers to an active compound of marijuana, a Schedule I controlled substance, while Delta-9 Carboxy THC refers to a metabolite. **See Commonwealth v. Jones**, 121 A.3d 524, 526 n.3 (Pa. Super. 2015), *appeal denied*, 135 A.3d 584 (Pa. 2016).

[2] 75 Pa.C.S. § 1543(a).

the trial court's sentence of three to six months' imprisonment for the violation of Subsection (d)(1) was manifestly excessive because it relied on the fact that the child died. We affirm.

The trial court summarized the factual basis of Appellant's guilty pleas as follows:

> [Appellant] acknowledged that he was driving his vehicle on Gilmore Drive in Jefferson Hills, Pennsylvania[ on May 3, 2013, between 9:00 and 9:30 p.m.] While he was driving, his vehicle collided with [Connor Zisk ("child"),] an eight year-old white male who was riding a skateboard. The child did not survive the accident and was pronounced dead later at a local hospital. [Appellant] remained at the scene and police officers responded to the accident. Officers noted an odor of alcohol emanating from [Appellant's] breath and [Appellant] originally admitted that he had one alcoholic drink prior to the accident. A preliminary breath test was positive for alcohol. [Appellant] was later interviewed in more detail. He admitted to having three alcoholic drinks earlier on the day of the accident. Officers obtained blood samples from [Appellant]. Toxicology results indicated that [Appellant] had a blood alcohol level of .074 and that active and metabolite cannabinoids (marijuana) were present in his blood at the time of the accident. According to the medical examiner, the combination of alcohol and cannabinoids would have impaired [Appellant's] ability to drive.
>
> It was learned during the investigation that [Appellant's] driving privileges were suspended at the time of the accident. It was also learned that at the time of the accident, the victim had been lying down while riding a skateboard in the middle of the road.

Trial Ct. Op., 1/19/16, at 2.

On January 19, 2015, Appellant was charged with three counts of DUI[3] as first offenses and one count of DUS. On September 3, 2015, the parties appeared before the trial court for a scheduled non-jury trial. The Commonwealth asserted that its critical witnesses were absent, but that plea negotiations were underway.[4] Appellant's counsel represented that Appellant was willing to plead guilty to DUI under Subsection (d)(1) and DUS, but denied being impaired at the time of the accident. N.T. Plea Hr'g at 2-3. Following a recess, Appellant offered his guilty pleas to DUI under Subsection (d)(1) and DUS. Appellant accepted the facts stated in the affidavit of probable cause and the laboratory reports. *Id.* at 8, 11-12. The parties agreed that the plea was open as to sentencing and the remaining two DUI counts, relating to impairment due to drugs and/or alcohol, would be withdrawn. *Id.* at 8. The court accepted Appellant's pleas.

On October 20, 2015, the trial court convened a sentencing hearing. The court, over Appellant's objections, permitted the child's mother, Jamie Grimenstein, to give a victim impact statement. N.T. Sentencing Hr'g, 10/20/15, at 3, 14-15. The court, after hearing the statement and

---

[3] In addition to the charge under Subsection (d)(1), Appellant was charged under Sections 3802(d)(2) (DUI-under influence of drug) and (d)(3) (DUI-under combined influence of drug and alcohol).

[4] There was some indication that the child's family was not present.

arguments from counsel,[5] sentenced Appellant to three to six months' imprisonment for DUI,[6] with no further penalty on the DUS count. The court explained its sentence to Appellant as follows:

> [Y]ou do present as somebody who understands the seriousness of your conduct. You don't present as somebody who is just trying to get out from under things. And you are not charged with homicide by vehicle or involuntary manslaughter. And to the extent that mom's understandable commentary about your driving impaired was part of her statement, I am ignoring that aspect of her statement because you were not charged in that fashion. But the problem with your case is you weren't allowed to drive at all.
>
> *    *    *
>
> This is the part that we see over and over. People aren't allowed to drive sober, either they get in the car sober, drive to a bar and they get drunk, or they get in the car and are already drunk and aren't allowed to drive sober.
>
>     Now, your case is a little different. You're not allowed to drive at all. You smoked pot, whether you were impaired or not. Do we need to get into that? Not only did you ignore the law in driving, you ignored the law in smoking pot then driving, and there was a very bad consequence that resulted. Whether you were legally

---

[5] Appellant waived the opportunity to address the court. N.T. Sentencing Hr'g at 25.

[6] The Subsection (d)(1) offense was graded as a misdemeanor carrying a maximum sentence of six months. *See* 75 Pa.C.S. § 3803(b)(2). Appellant had a prior record score of two based on a 2008 conviction for possessing a controlled substance with intent to deliver, for which he received probation. N.T. Sentencing Hr'g at 19-20. Appellant also had a prior summary conviction for retail theft. *Id.* at 19-20. The Sentencing Guidelines suggested a standard minimum sentence ranging between restorative sanctions and two months, with an adjustment of three months for aggravating or mitigating factors. *See* 204 Pa.Code § 303.16(a).

responsible in the analysis of legal causation, as [Appellant's counsel] correctly observed, is almost irrelevant to me because you aren't to be behind the wheel in the first place.

We can I guess argue all day about is there a But For analysis we can use, such as but for that fact, would Connor Zink be alive? We can engage in that all we want.

I think that the problem with your case is you defied the law at least twice before any of this happened, and there was a very bad consequence that resulted, not in terms of the legal causation, but in terms of the harm to the community from your disobeying the law, a very— sometimes it's more esoteric, well, the community is being harmed because you created a risk by doing that. But here it's real, and it's unavoidable.

*Id.* at 27-28. The court acknowledged that its sentence was the harshest it imposed for DUI. *Id*. at 29.

Appellant filed a timely post-sentence motion on October 26, 2015, which the trial court denied the following day. Appellant took a timely appeal and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. The trial court granted Appellant's request for bail pending appeal.

Appellant presents the following questions for review:

I. Did the [trial] court abuse its discretion by considering irrelevant victim impact testimony from Jaime Grimenstein at sentencing, as its admission constituted a denial of due process, because [Appellant] was not convicted of any crime in connection with the death of Ms. Grimenstein's son?

II. Did the [trial] court abuse its discretion by imposing a sentence which was manifestly excessive, unreasonable, and an abuse of discretion, as the trial court had no basis

- 6 -

for imposing a statutory maximum sentence which was, by the court's admission, the harshest sentence it had ever imposed for a violation of the violation of 75 Pa.C.S. § 3802(d)(1)?

Appellant's Brief at 5 (capitalizations omitted).

Appellant claims that it was improper for the trial court to permit a victim impact statement and consider the fact of the child's death as an aggravating factor. Appellant asserts that he "was not convicted of any crime for which [the child] was a victim as defined by the Crime Victim[s] Act, 18 P.S. § 11.103[ ]" and the testimony of the child's mother was not relevant in the sentencing proceeding. *Id.* at 19. He further argues that it was impermissible for the trial court to sentence in the aggravated range based on the child's death and that the sentence was not justified by the other factors cited by the trial court. *Id.* at 15-16, 37. He thus contends that he is entitled to resentencing and in support, relies on ***Commonwealth v. Smithton***, 631 A.2d 1053 (Pa. Super. 1993), and ***Commonwealth v. Ali***, 112 A.3d 1210 (Pa. Super.), *appeal granted*, 127 A.3d 1286 (Pa. 2015).[7] *Id.* at 29-32.

The Commonwealth appears to concede that the child's mother was not a "victim" for the purposes of offering victim impact testimony. ***See*** Commonwealth's Brief at 6-7. However, the Commonwealth asserts that

---

[7] The Pennsylvania Supreme Court granted allowance of appeal in ***Ali*** to consider the following question: "Does a sentencing judge have discretion to consider victim impact evidence where the offense is not a 'crime against a person'?" ***Ali***, 127 A.3d at 1286-87.

"any error in allowing the statement of [child's mother] was harmless because it is evident from the record that the [trial] court was not improperly influenced by it." *Id.* at 7. In support, the Commonwealth notes that Appellant stipulated to the affidavit of probable cause, which, in turn, contained allegations that that he "fatally struck a young child, while under the influence of alcohol and marijuana to the extent that it would impair an individual's ability to drive safely." *Id.* at 9. Thus, the Commonwealth suggests that the trial court properly considered evidence of the child's death and the allegations of Appellant's impairment while driving.

We find any error in the trial court's decision to permit the victim impact testimony did not constitute reversible error. We further conclude that it was not error for the trial court to consider the death of the child as an aggravating factor when sentencing. Thus, we affirm.

Preliminarily, it is well settled that

> "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." Instead, "an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." Further, to properly preserve such a claim for appellate review, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. In addition, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement."

*Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citations omitted).

Appellant has met the procedural requirements for preserving his sentencing challenges for appeal. ***See id.*** (reiterating the requirements that a claim be preserved before the trial court, in a Rule 1925(b) statement, and set forth in a Rule 2119(f) statement). Moreover, Appellant's claims raise substantial questions. ***See id.*** (finding a claim that the trial court erred in imposing an aggravated-range sentence on charges that were nolle prossed presented a substantial question); ***see also Commonwealth v. Rhodes***, 990 A.2d 732, 745 (Pa. Super. 2009) (finding claim that the trial court impermissibly relied on uncharged crimes and conduct raised a substantial question). Therefore, we grant allowance of appeal to review the sentence.

"[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). As to a trial court's decision to permit a victim impact statement, we note that "prior to imposing sentence [a] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." ***Rhodes***, 990 A.2d at 746 (citation and quotation marks omitted). "The information used by a judge in imposing sentence need not necessarily meet the standards of admissible evidence at trial; however, the due process clause does apply to the sentencing procedure." ***Commonwealth v.***

***Shoemaker***, 313 A.2d 342, 347 (Pa. Super. 1973) (citation omitted). "We review challenges to the admission of victim impact statements for an abuse of discretion." ***Ali***, 112 A.3d at 1222 (citation omitted). However, the right to offer a victim impact statement is also rooted in our statutes. ***See id.*** (discussing 18 P.S. § 11.103 and 42 Pa.C.S. § 9738). The interpretation of a statute raises a question of law for which our standard and scope of review is *de novo* and plenary. ***Commonwealth v. Van Aulen***, 952 A.2d 1183, 1184 (Pa. Super. 2003).

Moreover, it is well settled that

> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

***Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010) (citation omitted).

The Crime Victims Act provides that "[v]ictims of crime" have a right "[t]o have opportunity to offer prior comment on the sentencing of a defendant . . . ."[8] 18 P.S. § 11.201(5). The statute defines a "victim," in relevant part, as:

---

[8] "Victim impact evidence is designed to show each victim's uniqueness as a human being. Victim impact evidence is simply another form or method of

- 10 -

(1) **A direct victim**.

(2) **A parent or legal guardian of a child who is a direct victim**, except when the parent or legal guardian of the child is the alleged offender. . . .

18 P.S. § 11.103 (emphases added). A "direct victim" is "[a]n individual against whom a crime has been committed or attempted and who **as a direct result of** the criminal act or attempt suffers physical or mental injury, death or the loss of earnings under this act." *Id.* (emphasis added). A "crime" includes an offense under "75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs)." *Id.*

Although Appellant relies on *Smithton* and *Ali* for the proposition that his conviction for DUI under Subsection (d)(1) did not involve a "victim," those cases are distinguishable. In *Smithton*, this Court concluded that impact testimony from homeowners was improper because the defendant was acquitted of the alleged offenses committed against the homeowners and was only convicted of crimes committed at a hospital and at city hall. *Smithton*, 631 A.2d 1054, 1057-58. In *Ali*, this Court concluded that there was an insufficient connection between the defendant's convictions for selling synthetic marijuana ("K2") from his store and the fatalities resulting from a motor vehicle accident in which the driver allegedly ingested K2 purchased from the defendant's store. *Ali*, 112 A.3d at 1213-15. The *Ali*

---

informing the sentencing authority about the specific harm caused by the crime in question." *Ali*, 112 A.3d at 1222.

- 11 -

Court emphasized that the defendant did not sell the K2 directly to the occupants of the vehicle on the day of the crash, but was held liable as an accomplice for that specific transaction based on a codefendant's actions. *Id.* at 1222-24.

Instantly, Appellant was convicted of DUI, a "crime" under the Crime Victims Act. *See* 18 P.S. § 11.103. Appellant struck the child while committing the offense, *i.e.*, operating the vehicle with a Schedule I controlled substance in his blood. The accident resulted in the child's death. Appellant did not deny the allegation he voluntarily ingested marijuana before driving. Therefore, the logical connections between the criminal act, the accident, and the child's death are not as remote as in *Smithton* or *Ali*.

Accordingly, we return to Crime Victims Act's definition that a "direct victim" suffer death "as a direct result of the criminal act." *See* 18 P.S. § 11.103. When construing similar language in the restitution statute, *see* 18 Pa.C.S. § 1106,[9] this Court has rejected the proposition that DUI is a

---

[9] The restitution statute provides, in relevant part:

> **(a) General rule.—**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased **as a direct result of** the crime, or wherein the victim suffered personal injury **directly resulting** from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

victimless crime. *See Commonwealth v. Walker*, 666 A.2d 301, 309 (Pa. Super. 1995) (holding occupants of vehicle struck by the DUI defendant were "victims" entitled to restitution for their injuries);[10] *Commonwealth v. Fuqua*, 407 A.2d 24, 28 n.10 (Pa. Super. 1979) (holding homeowner whose residence was struck by the DUI defendant was entitled to restitution). Critically, however, this Court concluded that the "direct result" language required consideration of the causal connection between the criminal act and the injury suffered before finding that restitution to the victim was appropriate. *See Walker*, 666 A.2d at 309.

Instantly, the issue of causation was contested. The trial court did not render findings that there was a specific connection between Appellant's DUI conviction and the child's death. *See* N.T. Sentencing at 27-28; *cf. Walker*, 666 A.2d at 309. Therefore, we conclude that the court erred in permitting child's mother to testify as a "victim" without first considering whether the child's death was a direct result of Appellant's criminal acts. *See* 18 P.S. § 11.103; *Walker*, 666 A.2d at 309; *see also Ali*, 112 A.3d at 1222-24.

---

18 Pa.C.S. § 1106(a) (emphases added). The definition of a "victim" under the restitution statute refers to the predecessor statute of the current Crime Victims Act.

[10] We note the *Walker* Court also addressed a former Sentencing Guideline enhancement for DUI when a victim suffers serious bodily injury and concluded that provision also required a showing that the DUI violation was the cause of the injury. *See Walker*, 666 A.2d at 305.

Our conclusion that the Crime Victims Act does not recognize the child's mother's right to present an impact statement without a finding that the child was a direct victim does not end our inquiry. We must further consider whether the irrefutable facts that an accident occurred and a fatality resulted are proper considerations when sentencing for DUI under Subsection (d)(1).

Traditionally, the purposes of the DUI statute are two-fold: "to keep drunk drivers off of the road and to protect the Commonwealth's citizens." *See Commonwealth v. James*, 863 A.2d 1179, 1184 (Pa. Super. 2004) (*en banc*) (citation omitted). Moreover, the DUI statute contains "zero-tolerance" provisions based on the mere presence of substances or certain levels of alcohol, without language that the defendant be "under the influence" or suffer an "impair[ment of] the individual's ability to safely drive." *Compare* 75 Pa.C.S. § 3802(a)(2), (b), (c), (d)(1)(i)-(iii), (f)(1)(i)-(ii), with *id.* § 3802(a)(1), (d)(2)-(4), (f)(2)-(4); *see also Commonwealth v. McMullen*, 756 A.2d 58, 62 (Pa. Super. 2000) (describing provision criminalizing .02% blood alcohol content for teenage drivers as "zero-tolerance").

Subsection (d)(1) is a zero-tolerance provision. Moreover, marijuana remains a Schedule I controlled substance, which has "a high potential for abuse, no currently accepted medical use in the United States, and a lack of accepted safety for use under medical supervision." *See* 35 P.S. § 780-

- 14 -

104(1)(iv). Subsection (d)(1) thus reflects the legislature's policy determination that the mere presence of active marijuana compounds in a driver's blood presents an unacceptable risk to public safety. This is so regardless of whether the individual is impaired, is simply inattentive from ingesting the substance, or believes he is unimpaired. *See id.*

The unrebutted allegations that Appellant ingested marijuana before driving and had active marijuana components in his blood compel the conclusion that he posed an unacceptable risk to public safety. *See McMullen*, 756 A.2d at 62. The fact that the accident occurred and resulted in the child's death actualized the inherent risks underlying the zero-tolerance policies in Subsection (d)(1), and Subsection(d)(1)(i) in particular. Therefore, we cannot agree with Appellant's proposition that the fatality was irrelevant or an impermissible factor. Accordingly, we discern no basis upon which to disturb the trial court's judgment that an additional punishment was warranted to impress on Appellant the seriousness of his misconduct when electing to drive after ingesting marijuana, the impact on the community, and the need to avoid future misconduct. *See* 42 Pa.C.S. § 9721(b). Similarly, we discern no basis to conclude that the aggravation of the sentence based on the child's death was manifestly excessive.

In sum, the record did not support the child's mother's right to offer victim impact testimony under the Crime Victims Act. However, because it was proper for the trial court to consider the fact that Appellant's DUI

conviction involved a fatality, we conclude that the admission of her testimony at sentencing was harmless and Appellant's sentencing challenges warrant no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016